## SUPREME COURT.

EBENEZER B. SHEARMAN agt. JOHN JUSTICE, HENRY JUSTICE, WILLIAM HUGHES and others.

When a *referee* first delivers his *report duly signed,* his power over the subject matter is *exhausted.*

Where a reference was ordered in an action of mortgage foreclosure, to ascertain the priority of sale of different portions of the mortgaged premises owned by the defendants respectively, and the referee made, signed and delivered his report to the attorney of one of the defendants, without mentioning therein the subject of costs to either party, and a day or two afterwards the attorney called upon the referee and requested him to insert in the report, "with costs to defendant Hughes," (his client,) which was done by the referee, (without reflection,)

*Held,* that this clause in reference to costs, so inserted, be stricken out of the report, and the same expunged from the record of judgment, with costs of the motion.

Monroe Special Term, January, 1861.
Before WELLES, Justice.

THE action was brought to foreclose a mortgage given by the defendant John Justice and wife, to the plaintiff, dated June 1st, 1854, upon two pieces of land situated in the town of Greece, Monroe county, one being the north half of seventy acres lying in the southeast corner of lot No. 9, in township No. 2, short range, west of the Genesee river, in Phelps & Gorham's purchase : The other being the southeast corner of the same township, containing 35 acres—to secure the money, principal and interest, mentioned in a bond given by said John Justice to the plaintiff, of the same date with the mortgage, the same being $1000, and payable in five years from the date, with annual interest.

The defendants Henry Justice and William Hughes answered the complaint separately, and by different attorneys. The answer of the former, among other things, stated, the first mentioned piece of land was conveyed to him by the defendant John Justice, by deed dated March 1st, 1856, and recorded in Monroe county clerk's office June 17, 1857, and insisted that the second parcel should be first sold under the judgment of foreclosure to be entered in said action.

The answer of defendant Hughes stated, among other things, that the piece of land secondly mentioned was mortgaged to him, the said Hughes, by the defendant John Justice and wife, on the 21st day of October, 1856, to secure the sum of $1000, and interest, which mortgage was recorded in Monroe county clerk's office October 22d, 1856 ; that the same has been foreclosed by said Hughes, and the premises purchased by him under the foreclosure sale, and prays that the premises first mentioned be first sold under the judgment of foreclosure to be entered in this action.

It was afterwards, on the 26th December, 1859, at a special term held at Rochester, referred to Charles J. Powers, to compute the amount due on the plaintiff's mortgage, and to take such proof as should be offered by the defendants

Henry Justice and William Hughes, or either of them, in relation to the matters set forth in their respective answers, and in relation to the priority of the conveyances of the several portions of the mortgaged premises, and reduce the same to writing, and report the same, with the matters therein before referred to, to the court, with all convenient speed, &c.

On the 13th of January, 1860, Powers, the referee, made a report that there was $1,113.36 due on the plaintiff's mortgage. He also reported that he had taken proofs on the other questions mentioned in the order of reference, and returned the same in a schedule annexed to his report.

On the 26th day of January, 1860, at a special term in Rochester, a final judgment of foreclosure and sale was entered, which judgment was in the usual form, with $117.33 costs; which judgment did not direct which parcel of the mortgaged premises should be first sold.

On the 3d day of March, 1860, an order was made in this action, which, after the title of the cause, is as follows: "This cause having been brought on to be heard upon the pleadings and proofs taken therein, it is hereby ordered, on motion of H. E. White, attorney for the defendant William Hughes, that the questions arising upon the answers of the defendants William Hughes and Henry Justice, be referred to Hon. Harvey Humphrey, for hearing and decision; such referee having the same authority as the court would have upon all questions arising upon said answers. And it is hereby further ordered, that the decision of said referee be added to and made a part of the judgment entered in this action."

On the 16th day of March, 1860, Judge Humphrey made a report, concluding as follows: "The north half of the seventy acres" (the parcel of the mortgaged premises conveyed by John to Henry Justice) "must therefore be first sold, with costs to defendant Hughes."

On the 4th day of December, 1860, the county clerk of

Monroe county made an entry upon the judgment roll in this action, and subscribed the same officially, in the words and figures following : " And on filing the additional report of Hon. Harvey Humphrey, referee, and the stipulation heretofore made and filed, and the decree having been duly entered, now on motion of Henry E. White, attorney for William Hughes, it is further adjudged, ordered and decreed, that the said Hughes recover of the said Henry Justice the sum of forty-nine dollars and eleven cents, and that said Hughes have execution therefor, for his costs and charges in said action. Dated Dec. 4, 1860. D. D. S. Brown, Clerk."

There is a paper in the judgment roll, purporting to be an order entered on filing of the report of Judge Humphrey, which order has no date, but appears by an indorsement on the back, to have been filed March 26, 1860, and which orders the mortgaged premises to be sold in two parcels; that the part conveyed by John to Henry Justice be first sold to satisfy the amount due to the plaintiff, with the costs of the action, and that the remaining part be sold last ; and further ordering that the defendant Henry Justice pay the costs of the defendant William Hughes, to be taxed, and that in case said mortgaged premises be sold, the costs of the defendant William Hughes be paid out of the proceeds of the sale thereof.

On the 30th November, 1860, the attorney for Hughes had his costs taxed or adjusted by the clerk of Monroe county, at $49.11, and the bill and certificate of adjustment inserted in the judgment roll. The foregoing facts appear by the judgment roll.

The affidavits in connection with, and which were read on this motion, show, as the counsel for Henry Justice contends, that the question of the costs of the defendant Hughes, or his claim to have them allowed against the defendant Henry Justice, was not raised or discussed before the referee Humphrey, and that Mr. Humphrey made and

delivered his report to the attorney of Hughes, without the concluding words "with costs to the defendant Hughes," leaving the decision solely upon the question of which parcel of the mortgaged premises should be first sold, and that the words referred to, respecting costs, were afterwards inserted at the instance and suggestion of Hughes or his counsel, without notice to the defendant Henry Justice or his counsel or attorneys. A motion is now made on behalf of the defendant Henry Justice, "to readjust and disallow the costs and each and every item thereof taxed by the clerk of this court in favor of the defendant William Hughes against the defendant Henry Justice, or for such other or further order or relief in the premises as to the court may seem just."

S. G. WILCOX, *for defendant Henry Justice.*
H. E. WHITE, *for defendant Hughes.*

WELLES, Justice. Upon a careful examination and consideration of the affidavits read and submitted on this motion, I am constrained to conclude that the words "with costs to the defendant Hughes," at the conclusion of Judge Humphrey's report of the date of March 16th, 1860, were not inserted in the report when the same was first made and delivered to the counsel of the defendant Hughes, nor until one or more days afterwards, when those words were inserted at the instance of the counsel of Hughes, without notice to the attorney or counsel of the defendant Henry Justice.

Mr. Bishop, one of the attorneys and counsel for defendant Henry Justice, states, among other things, in his affidavit sworn to the 6th day of June, 1860, and read on this motion, that Mr. Humphrey, the referee, informed him that he made, signed and delivered his decision to Mr. Newton, the counsel for Hughes, without taking the question of costs into consideration, and that one or two or three days

afterwards, Mr. Newton came back and requested him to insert costs, and without reflecting whether it was a case in which he had power to pass upon that question, he inserted that part of his decision, and re-delivered the same to Mr. Newton. Mr. Wilcox, the partner of Mr. BISHOP, and also one of the attorneys for Henry Justice, states, among other things, in his affidavit read on this motion, that on the 9th day of June, 1860, and soon after he had knowledge of the report of Mr. Humphrey, as finally made and filed, and as it now appears in the judgment roll, he called upon Mr. Humphrey, and told him that the attorneys for defendant Henry Justice were going to make a motion in the cause, having reference to the said costs, and that he had called for the purpose of getting the affidavit of Mr. Humphrey, to be used on said motion, of the facts in relation to the making and the delivery of his report to Mr. Newton, and as to the alteration of the report after the same had been made and delivered; that Mr. Humphrey in reply said, in substance, that he would rather not make an affidavit in the case; that he had told Mr. Bishop the facts in the case, and that his affidavit of such statement would be just as good for the purposes of the motion as his, said Humphrey's affidavit; that the other parties would not and could not contradict the facts as he had stated them to Mr. Bishop; that if they did, he would then make an affidavit of the facts.

These, with other affidavits, were served in due time upon the attorney for the defendant Hughes, and notice given that they would be read upon this motion. The affidavit of Mr. Bishop contains the direct charge, upon information of the referee, of the improper practice with him, and that of Mr. Wilcox shows that the referee declined making the affidavit unless the facts should be denied. The moving party has therefore done all that in the nature of the case he could do, to obtain direct positive evidence of the facts in question, and enough, as I think, to call upon

the other party to deny them positively and in detail. This has not been done.

I find among the papers submitted on the part of the defendant Hughes, a paper in the form of an affidavit by Mr. Newton. This paper does not appear to have been sworn to by Mr. Newton, and I ought probably for that reason to disregard it. But if it were sworn to, it would not, in my judgment, change the result. It would then only show that with these charges patent upon the moving papers, an attempt had been made to explain them, but that such attempt had signally failed. The material fact charged is, that the report of the referee was made, signed and delivered, without the last words referred to touching the costs, and that afterwards, and upon a subsequent day, the referee, at the instance of Hughes' counsel, made the alteration or addition of the words in question. Mr. Newton does not deny this charge in his unsworn affidavit. All that he says on the subject may be true, and the charge remains intact. If the added words were in the report before the referee delivered it to Mr. Newton, it would have been quite easy for him to have so stated; but although the referee told Mr. Bishop that one or more days intervened between the delivery of the report as first made out, and the addition by the referee of the words in question, that most material circumstance is not denied.

An inspection of the original report which forms a part of the judgment roll, shows that in all probability the words in question were added after the report was signed. If the fact as charged be true, that the report was made and signed by the referee, and delivered to Hughes' counsel without the words referred to, on the subject of costs, and that those words were afterwards procured by the counsel for Hughes to be added by the referee, the added words was an irregular proceeding, and, cannot be sustained by this court. (*Ayrault* agt. *Sackett,* ~~·~~. *Pr. R.,* 507.)

When the referee first delivered his report duly signed, his power over the subject matter was exhausted.

I forbear expressing any opinion upon any of the other points raised upon the argument of the motion, as the views above expressed are sufficient for its final disposition.

An order must be entered, that the entry upon the judgment roll, made by the clerk on the 4th day of December, 1860, adjudging costs to the defendant Hughes against the defendant Henry Justice, and awarding execution therefor, and so much of the order found in the judgment roll which appears to have been filed March 26, 1860, as orders the defendant Henry Justice to pay costs to the defendant Hughes, and that in case the mortgaged premises be sold, the costs of the defendant Hughes be paid out of the proceeds of sale, be set aside and expunged from the judgment roll. The added words in question, viz : " with costs to defendant Hughes," must also be stricken from the report; the bill of costs of the defendant Hughes, with the clerk's certificate of adjustment, must be detached from the judgment roll, and the defendant Hughes must pay the attorneys of the defendant Henry Justice $10 costs of this motion.