# NEW YORK SUPERIOR COURT.

## WILLIAM W. NILES agt. FRANCIS PRICE.

After a *referee* has made his *report*, he has no power to *alter* it. The cause is terminated, and there is no day given before him, afterwards, when parties are to be allowed to prefer *requests* to have the report *modified*, and no *ex parte* application could be tolerated for the purpose.

The same *intendment* should be made in the case of a report of a referee or judgment of a judge, as in favor of the *verdict of a jury*, to wit: that the finding of the referee on every *disputed question of fact* should be presumed to be such as would *sustain his report*.

The true remedy, after the filing of the finding of facts accompanying the decision, which is the basis of the judgment, for any party prejudiced by the omission of the referee to find on any special and material *facts*—a question as to which is raised by the evidence—is to *apply to the court* in which the cause is tried, to call upon the referee to *amend his findings of fact*, by *adding his determination* of such question.

*New York Special Term, September*, 1862.

MOTION for the modification of the report of a referee.

CUMMINS, ALEXANDER & GREEN, *for defendant.*
WM. W. NILES, *plaintiff, in person.*

ROBERTSON, Justice. I apprehend the plaintiff's counsel mistakes his remedy for the evil he fears. The referee's duty, in determining the cause, ends with making his report. After he has made it he has no power to alter it. It is true he has power to settle the statement of what occurred before him on the trial, and his determination thereon, in the shape of a case. But the cause is terminated, and there is no day given before him, after he has completed his report, when parties are to be allowed to prefer requests to have the report modified, and no *ex parte* application could be tolerated for the purpose. The presenting of formal requests, and the discussion of the propriety of inserting them, would involve perhaps the re-argument of the whole case, and I presume it will not be contended that after a trial is concluded and report made,

any dissatisfied party has an absolute right to have entered on the record every request he chooses to make, and an exception to every denial of it.

But it would be clearly improper to enter such matters on the record, unless they furnished a means of overthrowing the judgment; and if they did, it certainly would be very rigorous practice to overthrow a judgment founded on the strongest evidence and with the clearest law to sustain it, because the referee erred in not inserting in the record a finding of a particular matter of fact. There is no reason why the same intendment should not be made, in case of a report of a referee or judgment of a judge, as in favor of the verdict of a jury, to wit : that the finding of the referee on every disputed question of fact should be presumed to be such as would sustain his report, and so it has been held in the court of appeals, (*Grant* agt. *Morse*, 23 *N. Y. R.*) It would be very hard upon a party to lose all the fruits of a long, laborious and expensive trial for the mere slip of a referee in refusing to pass specifically upon a question of fact presented to him for the first time after his report is made.

The true remedy after the filing of the finding of facts accompanying the decision, which is the basis of the judgment, for any. party prejudiced by the omission of the referee to find on any special and material facts—a question as to which is raised by the evidence—is to apply to the court in which the cause is tried, to call upon the referee to amend his findings of fact by adding his determination of such question. In most cases this is unnecessary by the presumption already alluded to, that every material and controverted question of fact has been found by the referee in favor of the successful party, precisely as in case of the former practice of a demurrer to evidence. A referee may undoubtedly, if he thinks proper, pass upon all questions of fact raised, and so pass upon them, as to require an appellate court to reverse his decision, although upon the whole

case it was right. A reference is generally ordered in case of a long account producing a long trial. I do not think it was the intention of the law to multiply the causes for which repeated trials should be unnecessarily had in such cases by means not permitted in case of a trial before a jury. Besides this, the Code does not permit any oral exceptions, except on the trial, or written ones, unless to the findings and report; with the latter the referee has nothing to do; they come into the case from the clerk's office as part of the return on an appeal.

In *Hunt* agt. *Bloomer*, (13 *N. Y.*, 3 *Kern.*, 344; *S. C.* 12 *How.*, 567,) the court says: " The party who prepares the case should insert this statement, which, like any other part of the case, will be subject to amendment by the other party and settlement by the judge. * * It will also contain the exceptions taken during the trial, and those taken after the judgment to the final conclusions of law." Nothing is said of either requests to find, or exceptions to refusals. In *Smith* agt. *Grant,* (15 *N. Y. R.*, 590,) the court says, the place for the statement of facts and conclusions of law is in the case, " not in the decision which the judge pronounces and signs as the authority for the judgment." The cases of *Magie* agt. *Baker*, (14 *N. Y. R.*, 435,) and *Johnston* agt. *Whitlock*, (13 *id.*, 344; *S. C.* 12 *How.*, 571,) are also full on this subject.

The motion must therefore be denied, with liberty to the defendant to apply for an order to refer the case back to the referee, to insert in the statement of facts his finding upon any fact material to the issues respecting which any evidence was offered on the trial and not now contained therein.