## FERDINAND ARN v. JOSHUA COLEMAN.

REFEREES; *Report, Powers.* After the report of a referee has been made and filed, his power to act in the case has ceased, and he cannot without further order of the court make a new and amended report.

*Error from Wyandotte District Court.*

COLEMAN brought three suits as plaintiff, two against *Ferdinand Arn* alone, and one against *Ferdinand Arn* and *Fritz Arn.* Each of these cases was referred by the court to three referees. Other facts and proceedings are stated in the opinion. Judgment was given in favor of *Coleman* in each case, at the June Term 1872, and the *Arns* bring the cases here on error. The three cases were heard and considered together.

*Bartlett & Hale,* for plaintiff in error:

1. The first report made by the referees was set aside on motion of defendant (Arn) at the March Term 1872. The effect of this order was to set aside, not only the report but to grant a new hearing. Both these were distinctly asked for in the notice of motion, as follows: "For an order setting aside the report of the referees," "and granting a new hearing." The order sustaining this motion was as binding as a judgment, until legally vacated. "An order, however improvidently granted, cannot be treated as a nullity—it must be set aside on motion." 2 Cowen, 463; 34 Cal., 235; 2 Paine & Duer's Prac., 50; 3 Cowen, 73; 8 Cal., 57.

The official powers of the referees had expired on the making and filing of their report. "A referee who has made his report becomes *functus officio,* and cannot again act without being set in motion by the court." 50 Barb., 119; 36 How. Pr., 616; 4 Robert., 75; 37 How. Pr., 531; 6 Abbott, N.S., 462. "A referee cannot be required or allowed to make any new findings, either of law or of fact, after he has decided the cause and filed his report." 17 How. Pr., 211, 416, 507;

23 id., 473; 26 id.; 32; 27 id., 1; 2 Cal., 324. The second report made by the referees was wholly unauthorized, and was void; and it was error to give judgment thereon.

2. The report of the said referees, lastly made by them, is not according to the provisions of § 243 of the code of civil procedure, requiring them to state the facts found and the conclusions of law separately. Code, § 293; 23 How. Pr., 452; 34 Barb., 321; 23 N. Y., 363. That the facts found by the referees did not warrant the conclusions of law thereon, and that, hence, the judgment ordered, was erroneous: 6 Bosw., 1; 36 Barb., 81; 40 N. Y., 248; 3 Estee's Prac., 489.

The opinion of the court was delivered by

BREWER, J.: A single question disposes of all these cases. They were all separately referred to three referees to hear the proofs and allegations, and report thereon. The referees made their report in each case, finding generally in favor of the plaintiff, now defendant in error. Upon motion of of the defendant (now plaintiff in error,) the district court set aside and vacated this report. At a subsequent term the plaintiff filed the motion to vacate and modify the order, setting aside and vacating the report of the referees, and for leave to the referees to file an amended report. This motion was overruled. Thereafter, and without any further order or direction of the court, the referees made a further and amended report, also in favor of the plaintiff, stating their findings of facts and conclusions of law separately. Upon this report judgment was entered in favor of the plaintiff, over the objection of the defendant. Is such a judgment valid? We think not. "A referee is born of an order; without it he is not." And when he has performed the duty imposed by that order he is *functus officio,* and his acts are no more than the acts of a private individual. Up to the time his report is made and filed he can modify and change it, he can alter and amend it. But when once it has been filed, and become a record of the court, his power over it is at an end, and his relation to the case has ceased. If

his report is set aside and vacated the case stands in the court as before the order of reference was made, and may be tried by the court, or a jury, or referred to the same or new referees. How far the court may, after the report is filed, and before any order is made setting it aside, send it back for consideration and amendment, is not involved in this case, and we express no opinion thereon. Even in such cases the referee would have no power without the permission or direction of the court. In this case the report was set aside and vacated. The attempted trial was at an end. A jury might as well come back after a verdict had been set aside, and return an amended verdict, as a referee, after his report has been set aside, make a further and amended report. It follows therefore that the judgment upon the second report was irregular and must be set aside. Edwards on Referees, 80, 141; *Voorhis v. Voorhis,* 50 Barb., 119; *Leffler v. Field,* 33 How. Pr., 385; *Trufant v. Merrill,* 37 How. Pr., 531; *Nelson v. Ingersoll,* 27 How. Pr., 1; *Niles v. Price,* 23 How. Pr., 473; *Pratt v. Stiles,* 17 How. Pr., 211; *Shearman v. Justice,* 22 How. Pr., 241.

The judgment of the district court will be reversed, and the case remanded for further proceedings.

All the Justices concurring.