JOHNSON v. LONG, *Appellant*.

1. **Practice in the Supreme Court**: PRESUMPTION IN FAVOR OF ACTION OF TRIAL COURTS. Where the bill of exceptions states that the court made its finding upon the evidence and after hearing argument, but no evidence is preserved, this court will not disturb the finding on the ground that it is unsupported by evidence. The presumption will be indulged that the evidence was sufficient.

2. ———: REFEREE'S REPORT. This court refuses to review the action of the trial court upon exceptions to the report of a referee, charging that the report did not contain all the evidence taken, and that the referee's conclusions were not supported by the evidence.

3. **Referee's Report.** A second report made by a referee after the first has been disapproved and the case has been re-referred to him, cannot be treated as an amendment of the first.

*Appeal from Washington Circuit Court.*—Hon. L. F. DINNING, Judge.

AFFIRMED.

*Ewing & Pope* and *Carter & Clardy* for appellant.

*John L. Thomas & Bro.* for respondent.

NAPTON, J.—This was a case in which the plaintiff alleged a partnership with defendant, asked for a dissolution of it and for an account. The answer denied all the allegations of the petition. The court found, so the bill of exceptions states, upon the evidence and after hearing argument, that there was a partnership, and referred the

whole matter of the settlement to a referee. There is no evidence preserved in the bill of exceptions to show upon what grounds the court acted in making this finding of a partnership, and it is claimed that this court must reverse the judgment for this reason. The case of *International Bank of St. Louis v. Franklin Co.*, 65 Mo. 110, and the case cited therein of *Frost v. Pryor*, 7 Mo. 314, were cases in which the evidence preserved in the bill of exceptions contained no evidence supporting the allegations of the petition. But in this case none of the evidence on which the court acted is preserved, and the presumption is in favor of the verdict. The finding of the court, upon that point, cannot be disturbed.

The finding of the court in this case is not only that there was a partnership, but the terms of it, and the referee was ordered to examine the accounts and report to the court. The ultimate report of the referee was approved and judgment given in accordance therewith. Various objections were made to this report upon the ground that it was not supported by the evidence, and that it was amended after objections made, and that it did not contain all the evidence submitted to him. The circuit court was certainly more competent to decide these questions than we can pretend to be. The report of a referee, like the verdict of a jury, must be set aside upon allegations involving a misdirection on the part of the court.

It does not appear that any amendment was made to the original report of the referee. That report was set aside by order of the court, and the case was again referred. The cases in 2 Cal. 322, *Headley v. Reed*, and 23 How. Pr. 473, *Niles v. Price*, are not applicable. There was no amendment of the original report, but the same referee was again appointed. The right of the court to make this selection is not disputed, and as to the final report of this second referee no exceptions are taken except as to his finding on the facts. Judgment affirmed. The other judges concur.