Brandon v. Carter.

BRANDON v. CARTER et al., Appellants.

Division One, February 5, 1894.

1. Common Law: POWERS OF COURTS: TRUSTS. The common law, so far as not repugnant to the local statutes, is part of the law of Missouri; and by its force the courts possess certain inherent powers in respect of trusts.

2. Trusts and Trustees: EQUITY: WILL: JURISDICTION. Courts of equity, as such, have jurisdiction to appoint a trustee to discharge a trust created by will, for a trust will never be allowed to fail for want of a trustee.

3. ———: ———: ———: ———. The statutes for summary appointment of trustees (secs. 8683, 8684) do not apply to trusts under wills.

4. Statutory Remedy: ANCIENT EQUITY JURISDICTION. A statutory remedy does not extinguish an ancient jurisdiction in equity over the same subject, where the statute does not indicate such a legislative purpose.

5. Trusts and Trustees: WILL: EQUITY: PARTIES. Where a trustee under a will refused to accept the trust, he is not a necessary party to a proceeding in equity to appoint one to fill the vacancy.

6. ———: ACCEPTANCE OF TRUST: TITLE OF TRUSTEE. Acceptance of a trust is essential to the vesting of title in the trustee.

7. ———: DISCLAIMER OF TRUST. Disclaimer of a trust may be established by acts, or by non-action, long continued.

8. ———: APPOINTMENT OF TRUSTEE: COLLATERAL ATTACK. An appointment of a trustee, made in the exercise of the general equity power of a court, at the instance of beneficiaries, can not be attacked collaterally, where the subject of the trust is within the jurisdiction.

9. ———: ———: MINORS: APPEARANCE BY ATTORNEY. Where a father and his minor children joined in a petition to appoint a trustee, the fact that they all appeared by attorney is not a fatal defect.

10. Practice: ERRONEOUS INSTRUCTION: HARMLESS ERROR. Where an erroneous instruction on the measure of recovery was given for the prevailing party, but the verdict shows affirmatively that it was disregarded, and a result reached in conformity with another instruction on the same point, asked by the appellant, there is no error of which the latter can successfully complain on appeal.

11. ———: BILL OF EXCEPTIONS: PRESUMPTION. Where the bill of exceptions does not preserve the testimony it will be presumed that there was sufficient evidence to support the verdict.

12. Practice in Supreme Court: REVERSAL OF JUDGMENT: HARMLESS ERROR. The supreme court is not authorized to reverse a judgment on account of any error of the trial court, which, in the result, was not prejudicial to the substantial rights of the adverse party on the merits.

*Appeal from Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

This is an action of ejectment. In the petition it is alleged that plaintiff was duly appointed trustee for John T. Jacobs and his children, by virtue of the will of George R. Jacobs, deceased; that he accepted said appointment and qualified as trustee; that, as such, he was, on the seventh of March, A. D. 1888, entitled to the possession of a certain tract of land, which defendant, Mr. Carter, and his tenant, Mr. Kelly, then occupied, and which they unlawfully withhold, etc.

The petition contained the usual allegations in ejectment, and asked judgment for possession, rents, profits, etc.

The answer admitted the possession of defendants, and denied generally the other allegations.

The cause ultimately reached the Audrain circuit court by change of venue, and was there tried before Judge HUGHES and a jury.

Plaintiff introduced the will of Dr. George R. Jacobs and a codicil thereto. Dr. Jacobs was the father of John T. Jacobs and grandfather of the latter's children, for whose use and benefit this action was brought. He died in 1877, possessed of the land which forms the subject of the action.

Defendants claim by a title derived from the said John T. Jacobs, through a sheriff's sale and deed, conveying to the defendant, Mr. Carter, all the right, title and interest of John T. Jacobs in and to the land in question.

It is conceded by both parties that, under the will of his father, John T. Jacobs was the beneficiary of one undivided fourth part of said land, for and during his life, and that his children were beneficiaries of the remaining three-fourths.

After making his will, the testator, Dr. Jacobs, signed an absolute deed to John T. Jacobs, conveying to him a fee simple title to the whole land; but plaintiff denied that this deed was ever delivered to the grantee, John T. Jacobs.

Upon this proposition there was a conflict of testimony. The jury, under instructions of the court, found in favor of the plaintiff on this issue. That decision is not sought to be reviewed, and is no longer controverted.

The deed being thus decided inoperative, left John T. Jacobs with no other or greater title than that con-

ferred on him by the will, viz.: A beneficial, undivided, one-fourth interest during his life, which, by virtue of the purchase, and sheriff's deed, has been acquired by the defendant, Mr. Carter.

By the will of Dr. Jacobs, Robert B. Price, of Columbia, was named as trustee to hold said land in trust for the use of John T. Jacobs and his children, in the shares above indicated.

The will, as modified by the codicil, declared that, during the life of John T., he and his children should enjoy the rents and profits of the land in the proportions aforesaid, and at his death it should be the duty of the trustee to convey the land to his descendants. Furthermore, that if John T. preferred to live on the estate and cultivate it, the trustee should allow him to do so, without charging him rent therefor.

As part of plaintiff's case he introduced the record of a proceeding in the circuit court of Callaway county (where the land is situated), appointing him trustee to hold said land under the terms of the will of Dr. George R. Jacobs, in the stead of Mr. Robert B. Price, who had never accepted the trust.

That proceeding was instituted at the November term, 1887, by John T. Jacobs and his children, who then were minors. These parties joined in a petition to the circuit court stating the nature and extent of the trust, substantially as above (but with greater particularity); that Robert B. Price, the trustee named in the will, "refused, failed and declined to accept the office and trust as said trustee, and no one is now authorized to take charge of said property;" that certain of the petitioners (naming them) were minors, and that all of them were interested in the rents of said land; and praying the court to "appoint some suitable person to act as trustee under said will and take charge and manage said real estate," etc., and for general relief.

This petition was signed by attorneys appearing for the petitioners. But no guardian or next friend for the minors was appointed.

Upon consideration of the petition, the court, November 28, 1887, made an order "that Francis Brandon" (the plaintiff who brought the action now at bar) "be and he is hereby appointed trustee in this case."

Mr. Price was not a party to that proceeding, and defendant claims that it was insufficient to vest the title to the land in plaintiff as trustee under the will. But the trial judge overruled that contention.

There was evidence to support the other issues on plaintiff's part; namely, as to the possession (by defendant and his tenant) of the land in controversy, and as to plaintiff's demand for rents, profits, damages, etc.

The defendant offered considerable evidence, chiefly directed to the question of the delivery of the deed of Dr. Jacobs to John T. Jacobs, during the lifetime of the former. But as that issue was found for plaintiff and is not made the subject of exception, the instructions and rulings on that branch of the litigation need not be set forth.

The jury found for the plaintiff and assessed damages and monthly rents as stated in the opinion. Judgment was entered accordingly and defendant appealed after an unsuccessful motion for a new trial.

The other essential facts appear in the opinion.

*Gordon & Gordon* and *Odon Guitar* for appellants.

(1) Francis Brandon was not vested with the legal title to the land in question, by virtue of the proceedings in the circuit court of Callaway county, instituted for that purpose. This proceeding was evi-

dently not instituted under the provisions of our statute, authorizing the circuit courts to substitute trustees in cases where those appointed have "died, become insane," etc., as the application for such substitution in evidence in this case recites none of the causes authorizing the interposition of the courts, and, besides, the application was not founded upon the "affidavit of the parties," nor was the petition, which was signed alone by the attorneys, sworn to by them. . R. S. 1889, secs. 8683, 8684. The title to the land vested in R. B. Price, as trustee under the will. He was appointed under the original will, and his appointment was reaffirmed in the codicil made a year afterward; he was also named as executor in the will; he resides in the same county where the will was probated, as shown by the will. It is therefore to be presumed that he had knowledge of his appointment, and in the absence of any evidence, positive or circumstantial, tending to show that he had declined or renounced the trust, the law raises the presumption that he had accepted it. 1 Perry on Trusts, sec. 267; *Barrett v. Stillmore,* 13 N. Y. 83. After a lapse of years an acceptance of the trust will be presumed, though no act be done by the trustee to indicate such acceptance. *Roberts v. Mosley,* 51 Mo. 282; 64 Mo. 507; 1 Perry on Trusts, secs. 259, 267. There was no occasion for any action on the part of Price as trustee. He was the mere "naked repository" of the title, until occasion should require action; when a bond became necessary, if he failed to give it, the statute provided a method by which the *cestui que trust* could compel him to do so; but to do even that, the law required that he should be made a party to the proceedings. R. S. 1889, sec. 8625. The title having vested in Price it could not be divested "by mere disclaimer or renunciation." It could only be done by decree of court, Price being a party thereto.

1 Perry on Trusts, sec. 268, and authorities cited. Price was not made a party to the proceedings in the Callaway circuit court and could not be affected thereby. There is another fatal error in the proceedings of the Callaway circuit court, under which Brandon was appointed trustee. Three of the petitioners, as shown by the petition, were minors. They were not represented by "guardians, curators or next friends," and we insist that they were in no way bound or affected by the action of the court in that proceeding; nor are they bound by the results in this case, in which Brandon assumes to act as their trustee and legal representative, without authority under the will, or any derived from the proceedings had in the Callaway circuit court. *Gamache v. Prevost*, 71 Mo. 84. (2) The following instruction given at the instance of respondent, is unquestionably erroneous under the testimony in this case. "The court instructs the jury that if they find for the plaintiff, the measure of damages should be the rental value of the land from the seventh day of March, 1888, to the present time, not to exceed $2,000; and the jury should further find the value of the monthly rents, not exceeding $100 per month." The patent error of this instruction is made manifest by the verdict of the jury. The instruction is bad in another particular, and that is that it should have instructed as to the rental value of the land under the conditions as found by the verdict, that it was subject to an undivided, instead of a sole ownership.

*Crews & Thurmond* and *C. B. Sebastian* for respondent.

(1) The first question presented by appellants is: "Was the respondent, Francis Brandon, vested with legal title to the land in question, by virtue of the pro-

ceedings of the circuit court of Callaway county insti-
tuted for that purpose." *First*. Before proceeding to
answer this question, respondent claims that appellant
is not in a position to ask it or have it considered by
this court; for the reason that the common source of
title to the real estate in controversy, being in G. R.
Jacobs, the respondent claiming by virtue of the will
and appellant by virtue of a sheriff's deed and the
alleged deed from G. R. Jacobs to John T. Jacobs; and
in the event the jury should find that there was no
delivery of the last named deed, then under the will.
Having asked for the verdict of the jury by their
instruction, appellants ought to be bound by it and
have no right to complain. *Price v. Breckinridge,* 92
Mo. 378. *Second*. Appellant having based his defense
upon his paper title and failed to establish the deed,
but established it to a part of the land under the same
will under which respondent claims, he can not deny
respondent's title. *Wilcoxen v. Osborne,* 77 Mo. 621;
*Holton v. Towner,* 81 Mo. 360. (2) Appellant can not
raise the question as to whether the petition for the
appointment of Francis Brandon trustee, was sworn to
or not, because no such question was urged in the trial
of the cause or in the motion for a new trial. *Ray v.
Thompson,* 26 Mo. App. 431. The petition need not
be sworn to. *Castleman v. Relfe,* 50 Mo. 583; *Wilkerson
v. Allen,* 67 Mo. 502. (3) Sections 8683, 8684, Revised
Statutes, 1889, cited by appellant, have reference entirely
to trustees under deeds of trust and not under a will.
To constitute one a trustee he must accept the trust by
word or some inference. 2 Washburn on Realty [4 Ed.],
507. In the case of a trust created by will, there can
not be a delivery and acceptance since the will does not
take effect until the death of the testator, and while
there can be no delivery by the testator there must be
an acceptance of the trust after the death of the testa-

tor; and if the person named as trustee refuse the trust, it is treated as if he, the trustee, were dead. 2 Washburn on Realty, p. 508, sec. 14. If Price, the trustee named in the will, refused to accept the trust, he was dead as trustee and could not be made a party to the proceeding to appoint a trustee, for he was not a party who had or claimed an interest. R. S. 1889, sec. 1992. (4) There is nothing in appellant's contention, that three of the petitioners for the appointment of Brandon trustee were minors, and this rendered the order of appointment void. Our statute expressly provides that when a judgment is in favor of an infant it will not be reversed. R. S. 1889, sec. 2113; *Holton v. Towner*, 81 Mo. 360; *Hagerman v. Sutton*, 91 Mo. 520; *McKim v. Doane*, 137 Mass. 195; Perry on Trusts [4 Ed.], sec. 277. (5) There is nothing in the record of this case to warrant the conclusion that the jury were misled by the instruction given as to the measure of damages.

BARCLAY, J.—A sufficient outline of the case is given in the preliminary statement.

1. The first assignment of error disputes the correctness of the ruling of the trial court touching the standing of the plaintiff as trustee under the will of Dr. George R. Jacobs.

By that will another person was originally named as trustee, but plaintiff was substituted in his stead by the action of the circuit court upon a proceeding for that purpose. That action defendants attack on the ground that Mr. Price, who was named as trustee in the will, was not a party to the proceeding.

By the statute of Missouri (R. S. 1889, sec. 6561) adopting the great body of the common law as part of our jurisprudence (so far as it is not repugnant to our local positive law), our courts are invested with certain general powers, sometimes called inherent, in respect of

certain topics, among which is that of trusts. These powers form an acknowledged part of the jurisdiction of our courts.

Among them is the power to appoint a trustee when a trust has been created by will, as in the case at bar, and for any cause there is need of a person to perform it. For it is a rule of chancery jurisprudence, which has passed into a maxim, that a trust will never be allowed to fail for want of a trustee.

There is a statute providing for the summary appointment of trustees in certain states of fact (R. S. 1889, secs. 8683, 8684); but those sections do not by their terms purport to apply to trusts under wills.

Moreover, it is settled law in this state that a statutory jurisdiction, or remedy, does not extinguish an ancient jurisdiction of the courts of equity over the same subject, where there is nothing in the statute to indicate such a legislative purpose.

The circuit court therefore had jurisdiction, in case of a vacancy, to supply a trustee to assume the trust defined by the will of Dr. Jacobs in his devise for the benefit of his son and grandchildren.

But was there a vacancy? The petition of the beneficiaries alleged that there was; charging that Mr. Price had refused and declined to accept the trust. The court, acting on their allegations, necessarily must have found them to be true, by its order appointing plaintiff as trustee.

If there was a vacancy on account of Mr. Price's refusal to accept the trust (as stated in the petition), the title to the trust estate never vested in him. In that event he was not a necessary party to the proceeding for the appointment of the trustee to fill the place he had declined.

"If a bill should contain allegations, which show that persons, who otherwise would ordinarily be

proper parties, have no interest in the controversy, and have no title to, and make no claim to, any interest, such allegations in the frame of the bill, if well founded, will dispense with the necessity of their being made parties." Story's Eq. Pl., 1892 [10 Ed.], sec. 214a.

Our code sheds no light on this point, leaving the question, who are "necessary" parties, open for construction. R. S. 1889, sec. 1993.

Acceptance of a trust is necessary to the vesting of title in the trustee. It may often be implied or established by inference. But there is absolutely nothing before the court in the present case on which to base an inference that Mr. Price ever accepted the trust in question.

Disclaimer may be established by acts, or by non-action, long continued (*Trask v. Donoghue* (1826), 1 Aikens, 370; *In matter of Robinson* (1867), 37 N. Y. 261); and, when found by a competent court, dispenses with the necessity of making the disclaiming trustee a party to the proceeding to supply one.

Should a new trustee be appointed upon a false suggestion to the court, the original trustee, or any other interested person, injuriously affected thereby, might, undoubtedly, proceed (by direct methods) to set the court right. But a regular appointment, at the instance of beneficiaries, certainly can not be successfully attacked collaterally by one standing in the attitude of the present defendant, Mr. Carter. He claims no title derived through Mr. Price. His only right in the estate is as the purchaser of such interest as John T. Jacobs enjoyed as beneficiary. The latter was one of the petitioners for the appointment of a trustee.

We coincide, for the above reasons, in the opinion of the learned trial judge, that Mr. Price was not a necessary party to the proceeding in which plaintiff

was appointed trustee of this trust estate.

2.   But it is then insisted that the proceeding is fatally defective, because the minors therein were not represented by any guardian, curator or next friend, as required by law.

There are at least two answers to that proposition:

*First.* The father of these minors was their natural guardian.   R. S. 1889, sec. 5279.   He was joined with them as plaintiff, and was authorized (in the absence of any showing that they had a curator) to represent them in all legal proceedings.   R. S. 1889, secs. 1997, 5298.   The fact of this relationship appeared on the face of the petition for the appointment, and so there was a substantial compliance with the requirements of law.

*Second.*   Our statute of amendments declares that a judgment shall not be stayed or reversed (and for stronger reason can it not be avoided collaterally) on the ground that any party under twenty-one years of age appeared by attorney, if the verdict or judgment be for him.   R. S. 1889, sec. 2113; *Robinson v. Hood* [1878], 67 Mo. 660.

Having thus considered all the objections to the validity of the appointment of plaintiff as trustee, we conclude that the trial judge was entirely correct in holding that appointment good against the collateral attack that has been made upon it.

3.   The instruction for plaintiff as to the extent of the recovery is next challenged, because it is supposed to warrant a verdict for the full rental value of the premises, whereas it is said, that defendant, Mr. Carter, was at least entitled to one-fourth thereof as successor to the rights of John T. Jacobs under the will of his father.

The instruction reads as follows:

"The court instructs the jury that, if they find for

the plaintiff, the measure of damages should be the rental value of the land from the seventh day of March, 1888, to the present time, not to exceed $2,000, and the jury should find for the monthly rents, not exceeding $100 per month."

It may be that this language is susceptible of the construction defendants seek to put upon it. But, on the other hand, the result leaves it very plain that the jury were not misled by it, in the particular complained of, as will appear.

Along with it was another declaration by the court, given at defendants' instance, to this purport, viz.:

"The court instructs the jury that, under the pleadings and the evidence in the case, defendant is entitled to the possession of an undivided one-fourth of the land in question, whether the deed from Dr. Jacobs to John T. Jacobs was delivered or not, and the verdict, in no event, could be for plaintiff for more than three-fourths of the land." And the verdict of the jury is in these words:

"We, the jury, find for the plaintiff as to the three-fourths of land described in the petition, and we assess the damages of plaintiff at the sum of $1,200, and we further find the value of the monthly rents and profits of said three-fourths of said land to be $33 1-3."

The evidence as to rents and profits is not preserved for review. The bill of exceptions states that the plaintiff gave evidence tending to prove the issues on his part, and the defendants, on their part. We must hence presume the verdict supported by sufficient testimony. *Johnson v. Long* (1880), 72 Mo. 210.

But, beyond that presumption, the verdict plainly indicates, on its face, that the jury found for plaintiff only for a three-fourths interest in the property, and thus intended to, and did, give defendants the full benefit of the rule of recovery stated in their own

instruction.   Hence there is no substantial ground for complaint by them in that branch of the case.   Plaintiff does not complain of the defendants' instruction, so we need not inquire whether it was precisely accurate as defining his rights.

The verdict and judgment certainly conceded to defendants all they can justly claim on that point.

This court is not authorized to reverse a judgment on account of any error of the trial court which, in the result, was not prejudicial to the substantial rights of the adverse party on the merits.   R. S. 1889, secs. 2100, 2303.

The assignments of error are not sustained.

The judgment should be, and is, affirmed.   BLACK, C. J., and BRACE, J., concur.   MACFARLANE, J., having been, at one time, of counsel, did not take part.