ELIZA J. DILLON *et al.*, Respondents, v. SUSAN F. STEVENS *et al.*, Appellants.

St. Louis Court of Appeals, May 14, 1895.

1. **Trusts**: APPOINTMENT OF TRUSTEE BY COURT OF EQUITY. On the retirement of a trustee for the management of a trust created by a will, the circuit court has full power to appoint his successor in a suit for that purpose.

2. ———: ———: PRACTICE, APPELLATE. When the evidence in such a proceeding fails to show that the interests of the beneficiaries were disregarded, or that the trial court abused its discretion in the appointment made by it, this court will not interfere on appeal to it.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Ellis & Ellis* for appellants.

*Leverett Bell* for respondents.

BOND, J.—Patrick M. Dillon by his will, probated January 8, 1851, devised his estate, including all money and effects in the hands of his executors at the close of administration, to Ferdinand Provenchere and Barton Bates as co-trustees, and to the survivor of them, to be held and disposed of according to the terms of said will, which provided, among other things, for the conveyance of certain real estate, the collection of personalty and the leasing of the remaining real estate during the joint lives of the wife and children of the testator. The will further provided that, in case of the death of any child of the testator leaving issue, such issue should at once take full and absolute legal title to their share of the trust estate, which the trustees should convey accordingly. One of the trustees named in the will declined to act. The other qualified and administered the same until 1880, when he retired. Newton Crane was appointed in his stead, who acted as trustee until 1888, when he was succeeded by Charles D. Stevens and John A. Dillon, who as co-trustees administered the trust until 1894, when Dillon left the state and retired from the trust. The present suit is for the appointment of a trustee to fill the vacancy caused by the retiracy of the said Dillon. The trial court entertained the petition, and appointed Jesse A. McDonald cotrustee with said Stevens of the trust estate devised in said will.

The application for the substitution of a new trustee represented twelve of the entire fifteen beneficiaries of the estate. It was resisted by the other three. The evidence tends to show that Stevens and Dillon managed the trust estate satisfactorily during their co-trusteeship, and that Stevens is a safe and capable business man. It also shows that the estate is a considerable one, worth more than a half million of dollars; that its assets are principally real estate and ground rents thereon; that it embraces over $50,000 of money loaned out, and that its due administration involves much care and knowledge of affairs, as well as skill in making and renewing leases and other contracts; that Jesse McDonald, the trustee appointed by the trial court, is a fit and proper person to assist in the conduct of the trust business; that his selection is asked by a large majority of the beneficiaries and by those representing two thirds in value of the entire estate.

The trial court had full power to appoint the trustee designated in virtue of its inherent power to appoint trustees for the management and conduct of a trust created under a will. *Brandon v. Carter*, 119 Mo. 572. The evidence adduced on the trial does not show that the interests of the beneficiaries were disregarded by the court, or that its judicial discretion was abused in the appointment in question. 2 Pomeroy's Equity Jurisprudence, sec. 1087. In such a case it does not appear that there is any matter properly before us for review. The decree of the trial court will, therefore, be affirmed. All concur.