WILLIAM HARVISTON, by his Next Friend, LEE S. WILLIAMS, Respondent, v. THE UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, May 25, 1909.

1. APPELLATE PRACTICE: Verdict: Weight of Evidence. A verdict where there is evidence to support it will not be disturbed by the appellate court on the ground that it is against the weight of evidence.

2. MINORS: Action: Appointment of Next Friend: Harmless Error. In an action by a minor where the judgment was for the plaintiff the failure of the plaintiff to prove the appointment of a next friend is not reversible error.

Appeal from the St. Louis City Circuit Court.—*Hon. Jas. E. Withrow,* Judge.

AFFIRMED.

*Boyle & Priest* and *Robert E. Moloney* for appellant.

*Dwight D. Currie* for respondent.

The verdict is not against the weight of the evidence. There was substantial evidence to support it. There was a clear and sharp dispute as to the facts and it was for the jury to pass upon the weight of the evidence and the credibility of the witnesses. Harvey v. Reynolds, 75 Mo. App. 86; Hanson v. Russell, 75 Mo. App. 110; Downing v. Railroad, 70 Mo. App. 657; Winston v. Wales, 13 Mo. 569; State v. Anderson, 19 Mo. 241; State v. Upton, 20 Mo. 397; Rosecranz v. Railroad, 83 Mo. 678; Hester v. Fidelity & Casualty Co., 78 Mo. App. 505; Gannon v. Gas Co., 145 Mo. 502; Kirchner v. Collins, 152 Mo. 394; James v. Mutual Reserve Fund Life Association, 148 Mo. 1; Lamb v. Railroad, 147 Mo. 171; Tower v. Pauley, 76 Mo. App. 287; Huth v. Dohle, 76 Mo. App. 671; Parsons v. Mayfield, 73 Mo. App. 309; Morgan v. Hinze Manufacturing Co., 120 Mo. App. 605. Under the Missouri Statute of Jeofails (section 672, R. S. 1899), where a verdict is in favor of a minor it shall not be set aside because the minor appeared by attorney. Jones v. Steele, 36 Mo. 325; Robinson v. Hood, 67 Mo. 660; Holton v. Towner, 81 Mo. 360; Cochran v. Thomas, 131 Mo. 276; Chrisman v. Divinia, 141 Mo. 122; Padgett v. Smith, 206 Mo. 313.

GOODE, J.—Plaintiff, who is a negro boy, was hurt, as he alleges, in a fall from the steps of a street car at the intersection of Cass avenue and Eighteenth street, December 1, 1906. He had come to that point on another car, holding a transfer entitling him to take passage south on an Eighteenth street car. He carried a bundle in his right hand and a basket in his left, and according to his testimony, the car stopped at the corner to receive passengers, three or four persons were waiting to get on the car, and after they had done so plaintiff placed one foot on the lower step and was in the act of setting the other foot down, when the conductor

signalled the motorman to go ahead and the car started with a jerk, throwing plaintiff into the street and hurting him. According to the testimony of several other witnesses three passengers who were waiting at the corner, got on the car which then moved forward, and as it did so plaintiff came running around the corner, chased the car southward nearly to an alley, then stumbled and fell in the street. There was a verdict for plaintiff for $250 and it is contended this is so opposed to the weight of the evidence it ought to be set aside. A perusal of the record has left an impression against the truth of plaintiff's story, but the jury found it was true and the careful trial judge who heard the witnesses, refused to set aside the verdict as against the weight of the evidence. Whatever assistance defendant could derive from instructions to the jury regarding this point was given in three ample charges, advising the jury they should look to the manner and demeanor of the witnesses on the stand, their interest or want of interest, whether they had bias or feeling, means of knowledge of the facts, the reasonableness or unreasonableness of their stories, and the circumstances related by them; further, that the jury were not compelled to accept as true any statement made by any witness, unless the jury found it to be true after considering it along with the other facts and circumstances in evidence; that while plaintiff was a competent witness, and all statements made by him against his own interest the law presumed to be true, yet his statements in his favor should be given such credit as the jury, under all the facts and circumstances, deemed they ought to have. This assignment will be overruled.

Plaintiff is a minor and sued by next friend. A point is raised against the judgment because proof was not introduced at the trial of the appointment of the next friend. No question was made about this matter until the motion for new trial was filed. Plaintiff appeared by his attorney and as the judgment was in his

favor, it could not be reversed if the next friend had not been appointed. Much less can it be reversed because proof of the fact was not made, as alleged, there being no issue about it. [R. S. 1899, sec. 672; Holton v. Towner, 81 Mo. 361; Brandon v. Carter, 119 Mo. 572; Randolph v. Railroad, 18 Mo. App. 609.]

The judgment is affirmed. All concur.