JULIUS N. WEBER, Respondent, *v.* JOHN C. DEGENHARDT, Appellant.

*Practice—Verdict.*—Where the jury have passed upon a question of fact, the Supreme Court will not review the evidence for the purpose of determining in whose favor it preponderates.

*Appeal from St. Louis Circuit Court.*

*A. M. & S. H. Gardner,* for respondent.

*A. J. P. Garesché* and *Farish,* for appellant.

BAY, Judge, delivered the opinion of the court.

The principal issue made by the pleadings in this case, is whether the injury sustained by the plaintiff resulted from the negligence and carelessness of defendant or his servants in piling the lumber in the alley mentioned in the petition.

The instructions given in behalf of the plaintiff substantially declare, that if the defendant caused or permitted the lumber to be piled in the alley, and that the same was not safely and securely piled, and that, while plaintiff was in or passing through the said alley, said lumber fell upon him

and injured him, and that such injury was caused by the careless and unskillful manner in which said lumber was piled, and without the fault of the plaintiff, that then the jury ought to find for the plaintiff.

The defendant asked five instructions, all of which were given with the exception of the one declaring that the plaintiff was not entitled to recover.

Those given declare that it was incumbent upon the plaintiff to prove affirmatively that the injury was caused by the negligence of defendant or his servants; and that if the plaintiff contributed to the injury by his carelessness or indiscretion, he was not entitled to recover.

The law of the case was properly enunciated by the court, and as favorable to the defendant as he could have asked for. The question submitted to the jury was one purely of fact, and as they have passed upon it, we will not undertake to weigh the evidence for the purpose of determining in whose favor it preponderates.

The judgment will be affirmed; the other judges concurring.