ROBINSON v. HOOD *et al., Appellants.*

1. **Bill of Exceptions.** The motion for a new trial must be incorporated in the bill of exceptions.

2. **Infancy**: PRACTICE. It is competent for a court to permit one who comes of age pending a trial to join in the suit as a co-plaintiff.

3. ———: CURATOR: NEXT FRIEND: WAIVER: JEOFAILS. A curator may bring a suit for his ward, but if it were necessary that it should be brought by next friend, the objection would be deemed waived, unless taken by demurrer or answer, and, after verdict for the plaintiff, the error would be cured by the statute of jeofails. Wag. Stat., section 19, page 1036.

*Appeal from Jasper Common Pleas Court.*—HON. E. V. BROWN, Judge.

*G. H. Walser* with *E. J. Montague* for appellants.

*H. B. Hamilton* for respondent.

SHERWOOD, C. J.—1. Motion for new trial not incorporated in the bill of exceptions, we, therefore, cannot notice any of the alleged errors occurring at the trial. *Jefferson City v. Opel, ante* p. 394; *Collins v. Barding*, 65 Mo. 496; *Stevenson v. Saline County*, Ib. 425.

1. BILL OF EXCEPTIONS.

2. It is, however, insisted that the judgment must be reversed because of the grounds urged by the motion in arrest. As to Sarah A. Robinson, one of the minors who became of age pending the trial, it was perfectly competent for the court to permit her to come in and sue as an adult co-plaintiff. This objection is absolutely frivolous.

2. INFANCY: practice.

The same may be said of the infants suing by their curator instead of their next friend. If the infants had no legal capacity to sue, the objection should have been taken by demurrer or answer. Defendants, failing to thus object, must be deemed to have waived any objection in this particular. 2 Wag. Stat., section 10, page 1015 ; *Jones v. Steele*, 36 Mo. 324. Besides, our statute of jeofails, (2 Wag. Stat., section 19, page 1036,) provides that, if the verdict or judgment be for the infant, as in the present instance, such judgment shall not be stayed, reversed, impaired or in any way affected because the infant appeared by attorney. The statute would seem to be broad enough to reach a case of this sort, where the judgment goes in favor of the infant, even if the appearance by curator was unauthorized. But be this as it may, our statute (2 Wag. Stat., section 11, page 674,) expressly authorizes guardians and curators to prosecute and defend for their minors. *Larned and Wife v. Renshaw*, 34 Mo. 458, and cases cited. The provisions of the statute to which defendants call our attention (2 Wag. Stat., sections 1-4, page 1003,) do not apply where there is already a duly appointed guardian or curator. The result is that the judgment must be affirmed. All concur.

*3. ——: curator: next friend: waiver: jeofails.*

AFFIRMED.