MARY E. CLARK ET AL., Appellants, v. C. D. CROSS-
WHITE, Administrator, and J. M. FOUNTAIN,
Guardian, Respondents.

Kansas City Court of Appeals, November 21, 1887.

CASE ADJUDGED—DEFECT OF PARTIES—MINORS SUING WITHOUT GUAR-
DIAN, ETC.—Where a joint debt was allowed against the estate of
a surety and paid by it, the principal and surety being both dead,
and their respective estates represented by the same administrator,
and the principal and surety being father and son ; the brothers,
except the administrator, and the children of the deceased son,
without their guardian, cannot maintain a suit against the
administrator of the son in the probate court for an allowance of
their claim. The administrator could not defend against a claim
in which he is interested, and infants must sue and defend as
provided by statute and not in disregard and violation of it.

APPEAL from Audrain Circuit Court, HON. ELIJAH
ROBINSON, Judge.

*Affirmed.*

The case is stated in the opinion.

W. H. KENNAN, for the appellants.

I. The court erred in sustaining the demurrer to
the petition. There is no defect of parties plaintiff.
The heirs of Wm. Crosswhite, deceased, are the only
necessary parties to maintain this suit. The petition
alleges that the administration on the estate of Wm.
Crosswhite, deceased, has been closed and fully settled ;
that all the debts allowed against the same have been
paid off and discharged. The heirs are the owners of
the assets belonging to the estate, and have the right to
sue for the same when the administration is closed, all
the debts of the estate are paid, and administrator dis-
charged. *Goebel v. Foster*, 8 Mo. App. 443 ; *Foster v.
Kenrick*, 71 Mo. 422 ; *Smith v. Gregory*, 75 Mo. 121 ;

*Morton v. Hatch*, 54 Mo. 408; *Midgett v. Matson, Adm'r*, 44 Mo. 305; *Kelly v. Thornton*, 56 Mo. 325; *Easterly v. Blythe*, 7 Texas, 210; see, also, 54 Ind. 524; 30 Ind. 218; 31 Ind. 156; 46 Ind. 544.

II. An administrator of an estate is a trustee for the creditor and distributee of the estate, and when he has paid all the debts, settled the estate and has been discharged, his office is ended. If, after that, other assets are found belonging to the estate, there being no creditors, there is no need of an administrator to sue to recover the assets. The heirs are proper parties to sue. *Patterson v. McCann*, 39 Ark. 577; *Wolf v. Books*, 41 Ark. 104; *Trimble v. James*, 40 Ark. 393; *Goebel v. Foster*, 8 Mo. App. 443.

III. The petition shows that there were no debts and demands against the estate, and, therefore, there was no necessity for an administrator *de bonis non* to bring the suit and recover the assets in the suit. The heirs are the proper parties. *Kelly et al. v. Thornton et al.*, 56 Mo. 325; *Goebel v. Foster*, 8 Mo. App. 443. When the debts of an estate are all proved up and paid, the heirs then have a direct vested legal interest and are proper parties to bring suit. *Midgett et al. v. Matson et al.*, 44 Mo. 308; *Goebel v. Foster*, 8 Mo. App. 443.

IV. The petition does not show on its face that two years had elapsed before this suit was begun. The statute does not begin to run until from date of publication of notice of letters of administration. *Spaulding v. Suss*, 4 Mo. App. 541. The petition does not allege when notice of letters was published; nor is it necessary it should, it is a matter of defence. The record shows that the probate court allowed the claim. Even if it appeared *prima facie* that the claim was not exhibited in two years, its allowance by the probate court would rebut the presumption. *Vosler v. Brock*, 84 Mo. 577.

BEN. T. HARDIN, for the respondent.

I. Plaintiffs are the heirs of William Crosswhite, deceased, and instituted this suit for money due the

estate. They had no standing in court. Both in law and equity, the whole personal estate of the deceased vests in the executor or administrator. 1 Williams Ex'rs, 717. Contingent as well as all absolute interests in personal property and choses in action pass to the executor or administrator. *Beecher v. Buckner*, 18 Conn. 110. The court did right in sustaining the demurrer. And as no title to the personal estate vests in the next of kin, as such, they can only obtain their distributive shares through administration. *State ex rel. v. Moore*, 18 Mo. App. 406, *loc. cit.* 410, and cases cited ; *Leaky v. Maupin*, 10 Mo. 373 ; *Smith v. Denny*, 37 Mo. 20 ; *Hanenkamp v. Borgmier*, 32 Mo. 569.

II.  Heirs are not proper parties to an action to recover a demand due the decedent. *Hellman v. Wellenkamp*, 71 Mo. 407. If Wm. Crosswhite's estate had been wound up, and final settlement made, an administrator *de bonis non* can alone sue for assets unadministered. *State ex rel. v. Fulton*, 35 Mo. 32.

III.  There had been no order of distribution of the money sued for in this case, and appellants cannot maintain this action. *State ex rel. v. Fulton, supra ; Vastine v. Dinan*, 42 Mo. 270. The last two cases are approved in *Morehouse v. Ware* (78 Mo. 102).

IV.  The authorities appellants cite do not apply to this case. *Kelly v. Thornton* (56 Mo. 325) and *Midget v. Matson* (44 Mo. 308) are cases where the suit was brought against sureties on administrator's bond for money due from him to the heirs, a very different case from that in which money is due an estate, in which case the administrator alone can sue. This court has expressly and emphatically decided this point in *State ex rel. v. Moore* (18 Mo. App. 410). Our Supreme Court has always decided the same way. 71 Mo. 407 ; 37 Mo. 20 ; 35 Mo. 323 ; *Naylor v. Moffatt*, 29 Mo. 126 ; *Sims v. Kelsay*, 75 Mo. 68. And appellants were properly sent out of court.

ELLISON, J.—This is an action begun in the probate court for an allowance against an estate. The claim is presented in the shape of a formal petition in which the cause of action is set forth. The case went to the circuit court on appeal.

The facts stated in the petition, and upon which the action is founded, are, that William Crosswhite was surety on a note for his son, John T. Crosswhite; that William, the father, died, leaving John T. and other children as his heirs; that soon, thereafter, the son, John T., died, leaving children as his heirs; that defendant, C. D. Crosswhite, a son of William and a brother of John T., was appointed administrator of both estates. After his appointments the holder of the note presented and had it allowed against the estate of William, the surety; which estate afterwards paid the allowance; that William's estate has been settled up and the administrator discharged. The heirs of William Crosswhite, including the children of John T., but excepting C. D. Crosswhite, the administrator, join as plaintiffs in this action against their co-heir as administrator of John T., to recover the sum so paid by William's estate. It appears that the children of John T., who, as has been stated, are co-plaintiffs, had a guardian in the person of Fountain, and that he comes upon the scene and asks to be made a party defendant. It is so ordered. He thereupon files a demurrer to the petition, which was sustained, and the cause dismissed. It is here on appeal.

It thus appears that the heirs of William Crosswhite (his children and grandchildren), except C. D., are suing the estate of John T., the brother of a portion, and the father of the remaining, plaintiffs; that a portion of plaintiffs, as grandchildren and heirs of William, and who are minors, are suing the estate of their father, to which they are sole heirs, not only without the consent, but against the protest, of their guardian.

This presents a singular state of affairs. According

to plaintiffs' own theory, there is necessarily a defect of parties plaintiff, in that C. D. Crosswhite is not made a party plaintiff. He is one of the heirs, and as such is jointly interested in the claim, and, conceding the heirs to be the proper parties to bring this suit, should be a party to this proceeding. It is true he is a party defendant, but he is such only as administrator and merely as the representative of the estate. He should have been made a party plaintiff on plaintiffs' theory, as he is a joint heir. But if he had been such party plaintiff, he would be placed in the light of seeking an allowance against himself as administrator. His own interest would thus conflict with his duty as administrator. Such allowance, if it had been made, would have been a nullity. *State to use v. Bidlingmaier*, 26 Mo. 483; s. c., 31 Mo. 95. An administrator cannot defend against a claim in which he is interested. It is against the statute, as well as the first principles of right.

The other aspect of the case is anomalous. Minor plaintiffs are not only plaintiffs without their guardian, but are suing such guardian as a party defendant. Infants must sue and defend, as is provided by the statute. By section 2579, Revised Statutes, the guardian must represent infants in all legal proceedings and sue for and defend their wards. Under the practice act (sects. 3469, 3480) guardians, or next friends, may be appointed for infants, but those sections do not apply when there is an existing guardian regularly appointed. *Robinson v. Hood*, 67 Mo. 660.

There are other views which might be presented, but it is sufficient to say that we can see no way in which the case can stand as presented. It is unnecessary to consider other points made on either side.

The judgment is affirmed. Philips, P. J., concurs. Hall, J., absent.