ARTHUR F. OEHMEN, Respondent, v. FREDERICK H. PORTMANN and JULIUS G. WOEMPNER, doing business as the F. H. Portmann Storage Company, Appellants.

St. Louis Court of Appeals, December 30, 1910.

1. BAILMENTS: Action for Damage to Property Bailed: Estoppel of Bailee to Deny Title of Bailor. Where a person receives personalty under a contract with another to transport it, and thereby becomes bailee of the latter, he incontestably concedes the bailor's title, unless at least he can show the true owner is making an adverse claim.

2. PARENT AND CHILD: Guardian and Ward: Natural Guardian: Right of Parent to Sue for Injury to Child's Property. Where a child derives title to property from her father, he is entitled to the custody thereof as her natural guardian and may sue for its injury under the express provisions of sections 403, 423, Revised Statutes 1909.

3. BAILMENTS: Parent and Child: Right of Parent to Sue for Child's Bailed Property. Where a parent delivers a piano belonging to his child to others to be moved, and they injure it, the parent need not sue as natural guardian for damages, but may sue in his own right as bailor; and a recovery by him would inure to the benefit of his ward and would estop him from presenting a further demand as such guardian.

4. APPELLATE PRACTICE: Instructions: Harmless Error. An instruction which is erroneous as requiring the jury to find facts not essential to plaintiff's recovery is not prejudicial to defendant, and he cannot be heard to complain thereof.

5. DAMAGES: Instructions: No Evidence. In an action for damages to personal property, an instruction on the measure of damages submitting elements of damages not supported by the evidence is erroneous.

6. APPELLATE PRACTICE: Excessive Damages: Remittitur. Where certain elements of damages are erroneously submitted to the jury, but the proof concerning an element for which a recovery might be had is exact and definite as to amount, the appellate court may affirm the judgment on condition that it be remitted down to such definite amount, rather than reverse the judgment and remand the cause.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams,* Judge.

AFFIRMED (*conditionally*).

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.* for appellants.

(1) A verdict not supported by substantial testimony justifying it will not be allowed to stand by an appellate court. There was no substantial evidence in this case that plaintiff was the owner of the piano in question. Price v. Lederer, 33 Mo. App. 426; Rottman v. Pohlmann, 28 Mo. App. 399; Avery v. Fitzgerald, 94 Mo. 207; Archambault v. Blanchard, 198 Mo. 384. (2) Instructions must be predicated on the evidence. Willis v. St. Joseph, 111 Mo. App. 580; Chambers v. Railroad, 111 Mo. App. 609; Fisher v. St. Louis Transit Co., 198 Mo. 562; Wellmeyer v. St. Louis Transit Co., 198 Mo. 527; Wagner v. Railroad, 118 Mo. App. 239; Phelan v. Paving Co., 115, Mo. App. 423; Millinery Co. v. Johnston, 131 Mo. App. 693; St. Louis v. Kansas City, 110 Mo. App. 653. (3) In the absence of evidence tending to show the value of the use of the piano while it was being repaired, and of the depreciation in value, if any, by reason of its being injured, it was erroneous to instruct the jury to consider these elements of damage, notwithstanding they were alleged in the petition. Boyce v. Railroad, 120 Mo. App. 168; Mannerberg v. Railroad, 62 Mo. App. 563; Stoetzele v. Swearingen, 90 Mo. App. 588.

*Ellroy V. Selleck* for respondent.

STATEMENT.—Action against defendants for damaging a piano while moving it from a residence on Leffingwell avenue in the city of St. Louis to one on Madison street.

The petition declares that on August 10, 1907, plaintiff delivered his piano in good condition to the defendants at No. 1625 North Leffingwell avenue, the defendants being in the piano moving business, and the defendants agreed for a valuable consideration to be paid to them, to safely move it to No. 2810 Madison street, but in violation of their duties as carriers of plaintiff's piano, they failed to exercise ordinary care in moving said piano and so negligently moved it that it was broken, split and battered and its strings loosened and strained and out of tune, and was delivered to plaintiff in such damaged condition and unfit for use. That by reason of said negligence and failure of defendants, plaintiff was compelled to spend forty dollars for removing his piano to and from a repair shop and in attempting to have it repaired and was deprived of the use of the piano about fifteen weeks from the time the piano was injured until it was returned from the repair shop, and that the piano still remains damaged. That plaintiff had been damaged in the sum of two hundred dollars, for which sum he prayed judgment.

There was judgment for one hundred dollars in plaintiff's favor in the circuit court and defendants have appealed to this court.

The defendants concede that they were in the piano moving business at the time alleged and that the piano was delivered to them by the plaintiff and that they contracted to move it for him as alleged, and there is evidence tending to prove that while they were moving the piano, it was broken, etc., through their negligent

handling of it, and that plaintiff was compelled to expend forty dollars for its repair.

The plaintiff testified, however, that while he had bought and paid for the piano he had made a present of it to his thirteen-year-old daughter before he had contracted with the defendants to move it, and there was nothing contradictory of this testimony in the record.

The court over the objection of the defendants, who duly excepted, gave the following instructions at the instance of plaintiff:

"1. If you find from the evidence adduced in this case that defendants did on or about the 10th day of August, 1907, undertake to carry for hire for the plaintiff herein, one piano as mentioned in the evidence, if you find that the plaintiff was the owner of said piano, from a place known as number 1625 North Leffingwell avenue to number 2810 Madison street in the city of St. Louis and State of Missouri, as mentioned in the evidence, and if the jury find from the evidence that the plaintiff herein was on the 10th day of August, 1907, the owner of the piano mentioned in the evidence, and that at said time it was delivered to defendants, or their servants and agents in good condition and undamaged in any manner, and if you further find from the evidence that the defendants or their servants or agents whilst carrying said piano as mentioned in the evidence failed to exercise that same degree of care as persons of ordinary prudence would usually exercise under like circumstances for the safe handling of said piano, and if you further find from the evidence that the servants and agents of defendants negligently and carelessly handled the piano in placing it in the building known as number 2810 Madison street as mentioned in the evidence and by reason of such negligent acts committed by the servants or agents of defendant, the piano was damaged as mentioned in the evidence and directly caused thereby, then your verdict must be for the plaintiff.

"2. If the jury find for the plaintiff, they should assess his damage at such a sum as they believe from the evidence will be a fair compensation to him.

"First: For all damages to the piano if any by being broken, battered and split caused by the negligence of the defendants, or their servants and agents, and directly caused thereby as mentioned in the evidence, to the reasonable value thereof.

"Second: For any loss of the use of said piano while it was being repaired to the reasonable value thereof.

"Third: For any expense not exceeding the sum of forty dollars to plaintiff in repairing his piano to the reasonable value thereof providing however that the total amount of your verdict if any in favor of plaintiff shall not exceed the sum sued for."

CAULFIELD, J. (after stating the facts).—I. Defendants contend that plaintiff's first instruction was erroneous because it submitted to the jury the issue whether the piano was the property of the plaintiff, when there was no evidence upon which the jury could have based such a finding. This contention is based upon the showing made by the record that when the piano was delivered to and injured by the defendants, it really belonged to plaintiff's thirteen-year-old daughter, having been bought and paid for by him and given to her as a present. If this were a case where plaintiff's title was properly in issue, the submission of that issue upon the showing made would have been reversible error. But it is not such a case. The defendants received the possession of the piano under the contract with plaintiff and thereby became his bailees and by force of the contract of bailment incontestably conceded the title to be in him, unless at least they can show that the true owner is making an adverse claim. [Sherwood v. Neal, 41 Mo. App. 416, 424; Bricker v. Stroud Bros., 56 Mo. App. 183, 186.] There is no pretense here

of any such adverse claim. On the contrary, the plaintiff's child derived her title from him, and he was therefore entitled to the custody and care of the piano as her natural guardian and to sue for its injury. [Sections 403, 423, R. S. Mo. 1909; Rhoades v. McNulty, 52 Mo. App. 301; Brandon v. Carter, 119 Mo. 572, 24 S. W. 1035.] His recovery here would estop him from presenting a further demand as such guardian and would inure to the benefit of his ward to the extent of her interest. [Gratiot St. Warehouse v. Missouri, Kansas & Texas Ry. Co., 124 Mo. App. 545, 565, 102 S. W. 11.]

It is true as held in Rhoades v. McNulty, supra, that a father cannot recover as the natural guardian of his child without the pleading showing that he sues as such guardian. But the plaintiff is not suing as guardian and need not do so. He is suing in his own right as bailor. His relation as natural guardian is referred to merely as showing that in the very nature of things on the record before us there will be no claim of the true owner to trouble defendants. Whether the plaintiff was the owner of the piano at the time defendants contracted with him was then wholly immaterial. If the jury found the other facts required by the instruction complained of, the verdict should have been for the plaintiff whether ownership in the plaintiff was or was not found to have existed at the time he delivered the piano to defendants. The instruction was erroneous in that it required the jury to find a fact which was not essential to the plaintiff's right of recovery. But the finding of this fact in no way prejudiced the defendant, and constitutes no just ground for complaint. [LaForce v. The William City Insurance Co., 43 Mo. App. 518, 533.] This assignment of error is ruled against the defendants.

II. Defendants further contend that the court erred in giving the plaintiff's second instruction, assert-

ing that the first and second branches of said instruction find no support in the evidence.

We have examined the record carefully and find no evidence tending to show what loss the plaintiff suffered by being deprived of the use of the piano while it was being repaired, and therefore, it is true that the second branch of said instruction finds no support in the evidence. As it is a familiar rule of law that damages of this kind must be established by proof, the instruction was erroneous in the respect mentioned. [Hoffman v. Railway, 51 Mo. App. 273, 279.] In this view it is not necessary to determine whether the first branch of the instruction is based upon any evidence. Suffice to say it is impossible to tell from reading the record what damages the jury allowed under the first branch and what they allowed under the second branch. The error as to the second branch of the instruction would necessarily lead to the reversal of the judgment and a remanding of the cause if it were not that the proof of the expense plaintiff was put to for repairs is uniform and exact, and the branch of the instruction referring to that was correct. The expense so shown was forty dollars and we may order the excess, sixty dollars, remitted from the verdict. If remitted within ten days from the filing of this opinion the judgment will be affirmed for the residue of forty dollars, with the costs of the appeal adjudged against the plaintiff; otherwise the judgment will be reversed, and the cause remanded.

*Reynolds, P. J.,* and *Nortoni, J.,* concur.