THE STATE ex rel. MISSOURI PACIFIC RAILROAD COMPANY v. ARGUS COX et al., Judges of Springfield Court of Appeals.

In Banc,. December 18, 1924.

1. **INSTRUCTION**: Imputing Negligence of Parent to Minor Child. The negligence of a mother in driving an automobile cannot be imputed to her minor child, sitting on the back seat at the time the vehicle collided with a railroad train; and the Court of Appeals did not contravene any previous decision of this court, in ruling that the trial court, having given an instruction, in the action of the child against the railroad company for damages, which imputed the mother's negligence to the child and declared that if the mother was guilty of contributory negligence the jury must find for defendant, properly granted to said plaintiff a new trial because of error

in giving said instruction; on the contrary, said ruling was in complete accord with the recent decisions of this court.

2. ———: Minor: Capable of Care to Any Extent.  An instruction, in an action by a minor child against a railroad company for personal injuries received when the automobile driven by her mother collided with a train, which declared that "if plaintiff was of such age as to have the capacity to exercise ordinary care for her own safety, then it was her duty to look out for the approaching train, and if she could, by the exercise of ordinary care, have discovered the train in time to have notified her mother of its approach, and had the automobile stopped before it went upon the tracks, and did not do so, she was guilty of contributory negligence," in effect. told the jury that if plaintiff was of sufficient age to be capable of exercising ordinary care for her own safety to any extent, etc., and the Court of Appeals in so ruling contravened no previous decision of this court.  The rule is that the minor plaintiff was required to exercise that degree of care which, under like circumstances, could reasonably have been expected of a girl of her years, capacity and experience.

3. PETITION: Suit by Minor: Next Friend: No Proof: Father: Surplus Allegation.  Where the petition alleged that plaintiff "is the infant daughter of Alvin Taylor and that she is prosecuting this suit by Alvin Taylor, her next friend," and the answer denied that "Alvin Taylor is the next friend of the plaintiff," and no proof was offered of the appointment of a next friend, the Court of Appeals did not contravene any previous decision of this court in ruling that plaintiff could sue by her ·father, as her natural guardian, without the formality of having him appointed as her next friend, and that the words "next friend" in the petition, since it stated he was her father, could be treated as surplusage, and therefore, the evidence sufficiently showing that Alvin Taylor was her father, defendant's demurrer to the evidence was properly overruled.

4. ———: ———: ———: ———: Abatement: Directed Verdict on Merits.  Failure to prove an allegation of the appointment of a next friend for the minor plaintiff in no event entitles the defendant to judgment on the merits.  Failure to prove such allegation does not affect the merits.  If such allegation is made and is necessary (because the next friend is not her father or natural guardian), failure to prove it raises only a question of abatement, which may be raised by demurrer to the evidence at the close of plaintiff's case, and plaintiff will then be entitled to have the appointment formally made, and upon her failure to take that course defendant may have the cause dismissed, but is entitled to nothing more.

5. **CERTIORARI: New Contention.** A contention on *certiorari* which was not made or considered in the Court of Appeals will not be decided.

Citations to Headnotes:   1, Negligence, 29 Cyc. 550; 2, Courts, 15 C. J. par. 518, and Railroads, 33 Cyc. p: 992; 3, Courts, 15 C. J. par. 518, and Infants, 31 C. J. par. 274; 4, Infants; 31 C. J. par. 351; 5, Certiorari, 11 C. J. par. 343.

## *Certiorari.*

Temporary writ discharged.

*James F. Green* and *W. C. Russell* for relator.

(1)   At the date of the institution of this suit, both Alvin Taylor and Pearl Taylor were the natural guardians and curators of their daughter Elizabeth, "with equal powers, rights and duties." Sec. 371, R. S. 1919. (2)   If, as respondents contend, plaintiff was suing by her natural guardian and the words "next friend" both in the caption and in the body of the petition were surplusage, the mother, Pearl Taylor, was a necessary party. Sec. 371, R. S. 1919.   (3)   Plaintiff alleges in her petition that she was prosecuting the suit by her "next friend, Alvin Taylor." She does not say in her petition that she is prosecuting the suit by Alvin Taylor and Pearl Catherine Taylor, natural guardians. She is bound by the allegations of her petition. In fact, parties are absolutely concluded by the statements contained in their pleadings. Davis v. Bond, 75 Mo. App. 32; Ramsey v. Henderson, 91 Mo. 560; Wilson v. Albert, 89 Mo. 537; Weil v. Posten, 77 Mo. 284; Kuhn v. Weil, 73 Mo. 213.   (4) The plaintiff, in her petition, among other things, makes allegations equivalent to saying that plaintiff and her mother, before they started across defendant's track, closed their eyes and stopped up their ears. It is a confession of contributory negligence. These allegations are binding on this plaintiff.   (5)   With this train going thirty miles an hour, according to the allegations in plaintiff's petition, and the allegation that the defendant's servants could not, by the exercise of ordinary care,

have seen the automobile until it got within thirty feet of the crossing and until the train got within one hundred and fifty feet of the crossing, no authorities are necessary to show that the case should not have been submitted to the jury on the humanitarian or last clear chance doctrine. Rollison v. Railroad, 252 Mo. 541; Degonia v. Railroad, 224 Mo. 564; Burge v. Railroad, 244 Mo. 76; Markowitz v. Railroad, 186 Mo. 350. (6) The opinion of the Court of Appeals is directly in conflict with the following controlling decision of the Supreme Court: Porter v. Railroad, 60 Mo. 160; Sherman v. Railroad, 72 Mo. 63; Baxter v. Transit Company, 198 Mo. 1; Berry v. Railroad, 214 Mo. 593; Markowitz v. Railroad, 186 Mo. 350, 360; Bartley v. Ry., 148 Mo. 124, 142. (7) Where the verdict for defendant was the only verdict the evidence warranted, a new trial should not be granted because of erroneous instructions given at its request. Markowitz v. Railroad, 186 Mo. 350; Bartley v. Railway, 148 Mo. 142; Homuth v. Railway, 129 Mo. 642; Vogg v. Railway, 138 Mo. 181.

*Gresham & Montgomery* and *J. L. Fort* for respondent.

(1) The Supreme Court will go only to the opinion of the Court of Appeals for the facts. State ex rel. Wahl v. Reynolds, 272 Mo. 588; State ex rel. Shawhan v. Ellison, 273 Mo. 218; State ex rel. McNulty v. Ellison, 278 Mo. 42; State ex rel. Dunham v. Ellison, 278 Mo. 649; State ex rel. Brewery Co. v. Ellison, 287 Mo. 139. (2) The Supreme Court will consider only matters presented to and decided by the Court of Appeals. State ex rel. United Railways v. Allen, 240 S. W. 117; State ex rel. Agr. Ins. Co. v. Allen, 254 S. W. 194; State ex rel. Wabash Ry. Co. v. Trimble, 260 S. W. 1000. (3) The Supreme Court will examine opinion of Court of Appeals only to determine conflict with some decision of Supreme Court. State ex rel. Calhoun v. Reynolds, 233 S. W. 483; State ex rel. Contl. Ins. Co. v. Reynolds, 235 S. W.

88. (4) The Court of Appeals in its opinion simply held that where an infant plaintiff alleged in her petition facts showing that she was suing through her father, her natural guardian and curator with whom she resided, and that her father was her next friend to maintain such suit for her, the allegation relating to next friend may be disregarded, as surplusage, and the suit maintained by the father as natural guardian and curator. R. S. 1919, secs. 371, 390, 391; Temple v. Price, 24 Mo. 288; Spillane v. Railroad, 111 Mo. 555; Bush v. Fisher, 85 Mo. App. 5; Brandon v. Carter, 119 Mo. 572. By neither demurrer nor answer was her capacity to sue through her father as natural guardian specifically challenged, hence defendant waived the point. Berry v. Railroad, 214 Mo. 593; Baxter v. Railroad, 198 Mo. 8. If there was a defect in that the mother should have been joined as party plaintiff, or in failing to allege that Alvin Taylor had given bond as natural guardian, then it was a defect appearing on the face of the petition and defendant waived same by not demurring, and by answering and contesting the suit upon its merits. R. S. 1919, sec. 1550; State ex rel. Jones v. Chemical Works, 249 Mo. 702. Besides no mention of the mother as party was made in appellant's brief, court's opinion or motion for rehearing in Court of Appeals or in petition for *certiorari,* and will not be considered now. State ex rel. United Ry. Co. v. Allen, 240 S. W. 117.

RAGLAND, J.—The action giving rise to this proceeding was one brought by Elizabeth Taylor, a minor, as plaintiff, against relator, as defendant, and wherein she sought to recover for personal injuries resulting from a collision, at a public crossing, between an automobile driven by her mother in which the said Elizabeth was riding, and one of relator's trains. Negligence was the ground upon which recovery was sought The negligence alleged consisted of a failure to ring the bell or sound the whistle and the running of the train at an excessive rate of speed, in view of the dangerous character of the crossing, which was fully set forth. Negligence

under the humanitarian rule was also charged. Upon a trial of the cause a verdict was returned for the defendant. Subsequently a new trial was awarded plaintiff by the trial court on the ground that it had committed error in giving certain instructions, designated as "C" and "D", at the instance of defendant. Thereupon an appeal was prosecuted by the defendant to the Springfield Court of Appeals, which resulted in an affirmance of the order granting a new trial. Relator now seeks to quash the judgment and opinion of the Court of Appeals on the ground that its rulings therein are in conflict with controlling decisions of this court. Other facts pertinent to the questions involved, as disclosed by the opinion, will be stated in connection with their consideration.

I.   The ruling with respect to Instruction C and the record facts stated in connection therewith, as found in the opinion, are as follows:

"Instruction C told the jury that if they should believe that Elizabeth Taylor, the plaintiff, was of such age as to be incapable of exercising ordinary care and that she was in the care, custody and control of her mother, Pearl Taylor, and that her mother was operating and in control of the automobile in which plaintiff was riding at the time of the injury, and her mother was guilty of contributory negligence, then the finding must be for the defendant. The evidence disclosed that Pearl Taylor, the mother of plaintiff, was driving the automobile, and this plaintiff, her infant daughter, was riding in the rear seat thereof. This automobile was struck by a train of defendant at a crossing, and the effect of this Instruction 'C' was to hold the plaintiff responsible for the negligence of her mother. . . .

*Imputing Mother's Negligence to Minor Child.*

"Without reviewing the cases at length, we think that an examination of the cases decided since the Stillson case [Stillson v. Railroad, 67 Mo. 671] establish

the rule to be that the negligence of the parent cannot be imputed to the minor child.''

The holding of the Court of Appeals, that the instruction was erroneous because it imputed to plaintiff the negligence of her mother, was in complete accord with the recent rulings of this court, as appears from the following cases which it cited: Winters v. K. C. Cable Co., 99 Mo. 509; Neff v. Cameron, 213 Mo. 350; Berry v. Railroad, 214 Mo. 593.

II.    Instruction D declared that if ''plaintiff was of such age to have the capacity to exercise ordinary care for her own safety, then it was her duty to look out for the approaching train, and if she could, by the exercise of ordinary care, have discovered the train

Care to Any Extent.

in time to have notified her mother of 'its approach, and had the automobile stopped before it went upon the tracks, and she did not do so, then she was guilty of contributory negligence,'' and the verdict must be for the defendant.    The vice of this instruction, as the Court of Appeals in effect held, was, that it told the jury that if plaintiff was of sufficient age to be capable of exercising ordinary care for her own safety *to any extent,* then it was her duty to look out for the approaching train, etc.    She may have been entirely capable of taking care of herself under many circumstances and yet not have been negligent in the circumstances attending her injury.    The question that should have been submitted to the jury was whether in approaching the railroad crossing she exercised that degree of care, which, under like circumstances, could reasonably have been expected of a girl of her years, capacity and experience. .[Spillane v. Railroad, 111 Mo. 555, 562.]    There is no conflict between the ruling of the Court of Appeals as to this instruction and the holdings of this court.

III.    The petition alleged: ''that at all the dates and times mentioned in this petition she (plaintiff) was

306 Mo.—3

and still is the infant daughter of Alvin Taylor and Pearl Catherine Taylor, and that she is prosecuting this suit by Alvin Taylor, her next friend." The answer contained this paragraph: "Further answering, defendant specifically denies that Alvin Taylor is the next friend of the plaintiff." No proof was offered on the trial of the appointment of a next friend. Relator contended in the Court of Appeals that on this state of the record the trial court should have sustained its demurrer to the evidence, and that the giving of Instructions "C" and "D" was therefore harmless error, if error at all. With respect to this contention the court held that plaintiff could sue by her father, as her natural guardian, without the formality of having him appointed as next friend, and that as the petition alleged that plaintiff was the daughter of Alvin Taylor and that she was prosecuting this suit by "Alvin Taylor, her next friend," the words "next friend," could be treated as surplusage. It is claimed by relator that this holding is in conflict with two decisions of this court: Porter v. Railroad, 60 Mo. 160, and Sherman v. Railroad, 72 Mo. 62. In the Porter case a judgment for plaintiff was reversed and the cause remanded because allegations in the petition of the minority of the plaintiff and the appointment of a next friend by the circuit court were denied in the answer, and no proof was offered on the subject. In the Sherman case there was a similar reversal and remand because no evidence was offered in support of allegations of the petition that the plaintiff was a minor and a guardian for him had been appointed, the allegation with respect to the appointment of a guardian having been specifically denied in the answer. It does not appear that the alleged guardian in the one case, or the next friend in the other, was the natural guardian of the plaintiff.

It is obvious that the crux of the decision of the Court of Appeals under review lies in its construction of the petition. For with the words "next friend" stricken out it clearly appears from the petition that

while plaintiff was a minor yet she was represented in the proceeding by Alvin Taylor, her father, whom the law makes her natural guardian. And we have repeatedly held, in construing relevant statutes, that a suit by a minor can be commenced and prosecuted by his natural guardian where he has no legal guardian. [Brandon v. Carter, 119 Mo. 572, 583; Spillane v. Railroad, supra.]

The construction placed upon the petition by the Court of Appeals did not contravene any rule of decision laid down in the Porter and Sherman cases. On the contrary, that construction, obviating as it did a barren technicality, one that did not remotely affect either the jurisdiction of the court or the merits of the case, conformed to the spirit of the statute (Sec. 1257, R. S. 1919), as well as to that of numerous decisions of this court. [Jones v. Steele, 36 Mo. 325; Higgins v. Railroad, 36 Mo. 419; Rogers v. Marsh, 73 Mo. 64, 70; Taylor v. Pullen, 152 Mo. 434; Aley v. Railroad, 211 Mo. 460.]

There is another angle to the question under consideration which has obviously escaped the attention of the relator. If the petition had contained a substantive averment that the appointment of Alvin Taylor as next friend had been duly made in the mode pointed out by law, without disclosing that he was also plaintiff's father, and that allegation had been specially traversed in the answer, defendant, in the absence of any proof in support of the allegation, would not have been entitled to a directed verdict. The issue thus made by the pleadings would have related merely to relator's capacity to sue, and in no wise to the merits of the controversy; it would have been simply a matter of abatement. Upon defendant's raising the point of failure of proof with respect to such issue, by demurring to the evidence at the close of plaintiff's case, plaintiff at that stage of the trial would have been entitled to have had the appointment of a next friend then made (Jones v. Steele, supra), and upon her failure to take such course, the defendant would have been entitled to have had the proceeding dismissed, and nothing more. So that if the Court of Appeals had

accepted relator's construction of the petition, it could not have remanded the cause with directions to the trial court to re-instate the judgment and verdict for defendant, as relator insists it should have done, simply because a failure of proof of the allegation of the appointment of a next friend would in no event have entitled the defendant to a judgment on the merits.

IV.   Relator finally urges that the giving of Instructions C and D was not prejudicial error, because the petition on its face discloses that plaintiff was guilty of contributory negligence as a matter of law. It does not appear from the opinion of the Court of Appeals that such contention was made in that court. In any event it is without merit. The question of plaintiff's contributory negligence was clearly for the jury.

As it does not appear that the rulings of the Court of Appeals herein referred to contravene in any respect the decisions of this court, the writ should be quashed. It is so ordered. All concur, except *White* and *Walker, JJ.,* absent.