255 S.W.2d 794 (1953)
CHAMPIEUX
v.
MILLER et al.
No. 43323.
Supreme Court of Missouri, Division No. 1.
March 9, 1953.
*795 E. W. Collinson, Turner White, Springfield, for appellant.
Neale, Newman, Bradshaw, Freeman & Neale, F. B. Freeman, Ransom A. Ellis, Jr., Springfield, for respondents.
COIL, Commissioner.
Appellant, plaintiff below and so referred to herein, has appealed from a judgment for respondents, defendants below and so referred to herein, resulting from the trial court's action in sustaining defendants' motion for a directed verdict at the close of plaintiff's evidence in her suit for $10,000.
The evidence stated most favorably from the standpoint of plaintiff was such that the jury could reasonably find the facts and circumstances in evidence to be as here summarized. On May 18, 1950, at approximately 9:15 p. m., on a dark, rainy night, plaintiff was driving toward Springfield, southwardly on north and south Highway 65, when, at a place about three miles north of the city, she noticed that, some 100 feet ahead, something was blocking the road. She drove closer, stopped and observed: that a truck was completely across the paved portion of the highway, its front to the west; that an automobile (referred to as the Atterberry car), on the west side of the highway and facing southeast, was adjacent or close to a portion of the truck. Due to rain the shoulders and adjacent ditches were muddy and plaintiff thought she could not safely pass. She finally stopped her car within two or three feet of the rear of the Atterberry car, her right wheels as far off on the west shoulder as she felt it safe to have them; probably one-half of her automobile was on the pavement and one-half off. There were no lights of any kind burning on the truck; one headlight on the Atterberry car was burning. The taillights and headlights on plaintiff's automobile were burning, and after stopping she turned on and left burning the dome light inside her car. Plaintiff's brother-in-law, a passenger in her automobile, got out to render assistance in what apparently had been a collision between the truck and the Atterberry car. The truck driver was defendant Miller who was operating the truck on behalf of his employer, defendant Lipscomb Grain and Seed Company. Flares in good operating condition were in defendants' truck. These were not used prior to plaintiff's injuries. Defendant Miller was physically able to have used them.
All vehicles remained in the positions noted for a period of 20 to 30 minutes when, without warning, an automobile, driven by one Sam Stewart southwardly on the highway, ran into the rear of plaintiff's *796 automobile. As a result plaintiff was injured.
From the place of collision northwardly for about .6 miles the highway is straight; about halfway in this straight stretch is a dip, so that one approaching from the north travels up a slight incline. Plaintiff's witness, a state highway patrolman, testified that on a dark, rainy night the low-beam headlights of an automobile disclosed his patrol car for a distance of 300 feet, when it was parked at about the same place where plaintiff's car stood at the time of the collision.
The issue here has been narrowed to the question of whether the trial court correctly declared as a matter of law that any negligence of defendants was not a proximate cause of injury to plaintiff. This, because it is tacitly conceded by defendants that the facts in evidence would justify submission of an issue to a jury as to whether defendants were negligent in permitting the truck to remain across the highway for a period of 30 minutes without warning or sufficiently warning oncoming motorists of the dangerous situation there existing. And there would appear to be no question but that a jury issue was presented by the facts and circumstances in evidence as to whether defendants were negligent in failing to furnish a warning to oncoming motorists by available flares or otherwise of the dangerous situation existing by reason of the blocked highway.
It is defendants' position, however, that their negligence, if any, furnished at most only "a condition or circumstance upon which the subsequent negligence of Sam Stewart acted, to create a new, independent and intervening cause of appellant's injury"; that when Stewart "became aware or should have become aware of the potential danger ahead, and thereafter continued to drive into the rear end of appellant's car, this act became the proximate cause of appellant's injuries, and respondents' negligence was merely incidental"; that Stewart's act "insulated and rendered remote any antecedent negligence of the respondents in failing to warn"; and "if there was any contributing cause, it was appellant's own negligence in stopping" where she did.
Defendants argue in support of their position: that plaintiff's headlights disclosed to her at a distance of at least 100 feet that something was blocking the highway; that plaintiff slowed and stopped without difficulty short of the obstruction; that plaintiff's automobile by its presence at the scene with headlights, taillights, and dome light burning warned of the potential danger and made the situation in the highway even more apparent to Stewart; that thereby Stewart was fully warned of the danger and the presence of flares or other warning by defendants could not have added to this warning; that thus the negligence of Stewart was an intervening and superseding cause and thereby the sole proximate cause of plaintiff's injury.
Defendants' contention and supporting argument are based upon the assumptions that Stewart was negligent as a matter of law and that he was or should have been fully aware of the nature and extent of the dangerous condition on the highway. Stewart did not testify and, of course, his testimony is not a part of plaintiff's case. And if his testimony were adduced by defendants, plaintiff would not be bound by it. It may be said, however, that on the facts adduced in plaintiff's case, the conclusion is not compelled as a matter of law that Stewart was negligent or that he was or should have been fully cognizant of the entire situation. That is to say, the fact that plaintiff saw an object blocking the highway when she was at least 100 feet away does not permit a conclusive inference that Stewart became, or should have become, cognizant of the blocked highway at any particular place in his approach; nor does the fact that the lights of plaintiff's automobile were visible for 300 feet necessarily mean that Stewart was or should have been warned at any particular time that a truck was blocking the highway. It is to be remembered that when Stewart approached the scene, plaintiff's automobile was there. Only by speculation may we say what appeared to be the situation as Stewart approached. Perhaps the lights on plaintiff's automobile tended for a time to hold *797 the attention of Stewart and tended to make less noticeable the truck and the Atterberry car. Perhaps for a time Stewart thought plaintiff's car was moving. Perhaps when he realized it was stopped he could reasonably assume that he could safely pass it to the left. Perhaps a jury would conclude that when Stewart, in the exercise of the highest degree of care, realized or should have realized that not only was plaintiff's car ahead of him, but that in addition the highway was blocked by defendants' truck, it was too late to avoid collision with plaintiff's car.
But we need not speculate, for even if it be assumed that Stewart was negligent, defendants may not be absolved of liability if their negligence combined with that of Stewart in causing plaintiff's injury, provided that defendants' negligence was a substantial factor in producing the injury, and provided that the negligence of Stewart was not so extraordinary as not to have been reasonably contemplated by defendants. Restatement, Torts, Vol. 2, Sec. 447b, p. 1196; Berry v. Emery, Bird, Thayer Dry Goods Co., 357 Mo. 808, 819(4), 211 S.W.2d 35, 41(6, 7); Giles v. Moundridge Milling Co., 351 Mo. 568, 576(5), 173 S.W.2d 745, 750(6-8); Hogan v. Fleming, 317 Mo. 524, 535-538, 297 S.W. 404, 408, 409; Byars v. St. Louis Public Service Co., 334 Mo. 278, 290(3), 66 S.W.2d 894, 900(6, 7).
We are of the opinion that a jury could reasonably find: that defendants' negligence, if they found defendants were negligent, in failing to take reasonable precaution to warn of a dangerous and unsafe condition on the highway was a substantial factor in causing plaintiff's injury; that a reasonably prudent man should have known that the blocked highway was unsafe and dangerous and should have reasonably anticipated that in the absence of warning of such condition to oncoming motorists, resultant injury was probable, including injury in part caused by the negligence of a driver in Stewart's position. We believe it may not be said as a matter of law that the negligence or action of Stewart was so extraordinary as to have made it not reasonably foreseeable, nor such as would break the chain of causation between defendants' negligence and injury to plaintiff. Of course, no one may say positively what would have happened had defendants placed warning flares at appropriate places. But a jury could reasonably find that but for the failure to place flares plaintiff would have sustained no injury. Viewing the transaction after the event the jury could reasonably find that plaintiff's injury was a probable consequence of defendants' failure to take precautionary measures to warn.
We think that the question of whether defendants' negligence, if any, in failing to take reasonable precaution to warn of the blocked highway was a proximate cause concurring with the act or negligence of Stewart, in proximately causing plaintiff's injury, was for the jury. Ridenhour v. Oklahoma Contracting Co., Mo.App., 45 S.W.2d 108, 110-112; Bowman v. Moore, 237 Mo.App. 1163, 1171, 167 S.W.2d 675, 679(3, 4), 680(5); Berry v. Emery, Bird, Thayer Dry Goods Co., supra, and cases there cited.
Defendants cite several cases from other jurisdictions and Snyder v. Murray, 223 Mo.App. 671, 17 S.W.2d 639. No purpose would be served by analyzing those cases in this opinion. We have examined them and are of the opinion that each, and especially the Snyder case, is distinguishable on its facts. In any event, in so far as those cases contain language which might tend to indicate that the court involved would have reached the conclusion under the facts of instant case that proximate cause was not a jury question, we are not persuaded by them.
There appears to be no Missouri case in which the facts are closely analogous to the facts of instant case. The principles established by our decisions, however, when applied to the factual situation disclosed, are decisive of the present case.
The judgment is reversed and the case remanded.
VAN OSDOL and LOZIER, CC., concur.
PER CURIAM.
The foregoing opinion by COIL, C., is adopted as the opinion of the court.
All concur.