**COX v. WRINKLE et al.**

No. 43897.

Supreme Court of Missouri.
Division No. 1.

April 12, 1954.

Motions for Rehearing or to Transfer to Court en Banc Denied May 10, 1954.

Kirby W. Patterson, Springfield, for appellant.

A. P. Stone, Jr., Kenneth H. Reid, Springfield, for defendant-respondent, Arlene Wrinkle.

Allen, Woolsey & Fisher, Clarence O. Woolsey, Russell G. Clark, Springfield, for respondent Steere.

VAN OSDOL, Commissioner.

Plaintiff John R. Cox instituted this action for his own personal injury and property damage, and for the loss of services and consortium of his wife occasioned by her personal injury, all sustained in a collision of the northbound automobile, in which plaintiff was riding and which was being driven by his wife, with the southbound automobile driven by defendant Arlene Wrinkle (nee Meador), an infant seventeen years old. The automobile driven by the defendant Arlene was driven around the automobile of defendant Pauline Steere, the Steere vehicle having been parked headed southwardly in the west lane of the pavement of State Highway No. 13, about seven miles north of Springfield.

Issues of negligence of defendants, and of negligence of plaintiff's wife if found to be imputable to plaintiff, were submitted to the jury. The jury found for plaintiff and against both defendants assessing damages in the aggregate of $8,750. However, the trial court sustained the motion for a new trial filed by defendant Wrinkle on seven grounds assigned in the motion, six of which were to the effect that the trial court erred in failing to appoint a guardian *ad litem* for the infant defendant Wrinkle. The trial court also sustained the motion for a new trial filed by defendant Pauline Steere. This motion was sustained on the specified ground that the trial court had erred in admitting into evidence a diagram or plat drawn by a state highway patrolman which diagram, it had been assigned, "assumed facts concerning the point of impact" of the colliding vehicles. Plaintiff has appealed from the new trial orders.

In this case we have a primary and important question—when or in what circumstance should a trial court designate a guardian *ad litem* for an infant defendant.

Defendant Arlene Meador, who, after the collision and prior to trial had married one Carl Wrinkle, was, as stated, but seventeen years of age at the time of the collision (and at the time of trial). She was regularly served with process and, before the return day of the writ, a pleading was filed denominated "Separate Motion for Costs and Counterclaim and Cross-Claim of Defendant, Arlene Wrinkle." The caption of the pleading indicated defendants as "Arlene Wrinkle (nee Meador), by her natural guardian, Arlin Meador, and Pauline Steere." And the statement of defendant Arlene's counterclaim and cross-claim proper contained introductory paragraphs in which it was recited, "Comes now Arlene Wrinkle (nee Meador), one of the defendants in the above-entitled cause, appearing by her father and natural guardian, Arlin Meador, and, for Count One of her counterclaim against plaintiff, John R. Cox, and her cross-claim against defendant, Pauline Steere, states and shows to the court as follows: * * *." The pleading was signed only by counsel. A separate answer to plaintiff's petition was also filed, the caption of which answer described defendants as "Arlene Wrinkle (nee Meador), by her natural guardian, Arlin Meador, and Pauline Steere." However, defendant Wrinkle's counterclaim and cross-claim were dismissed March 16, 1953. And March 20th, prior to the beginning of the trial on March 26th, a separate

amended answer was filed by counsel for defendant Arlene, the caption of which named the defendants as "Arlene Wrinkle (nee Meador) and Pauline Steere." It seems that only in the motion for costs, counterclaim and cross-claim did the father and natural guardian of defendant Arlene purport to appear and act for her in the instant litigation. And such statement of his acting in behalf of his daughter Arlene was only recognized thereafter in the captions of various pleadings of the parties and in the style of the case as stated in the caption of a notice of the taking of a deposition. Nowhere in the pleadings did the father purport to act as the regular or general guardian of defendant Arlene and, as we have stated supra, such infant defendant's amended answer did not even purport to be that of *any* guardian for the infant Arlene. The answer was signed only by counsel. Certainly defendant Arlene, infant, was not represented by any guardian *ad litem* appointed by the trial court, and no regular guardian or curator appointed by the probate court actually represented the infant defendant Arlene in the trial of the instant action.

■ The practice of having a regularly appointed guardian to represent an infant defendant is founded upon good reason. Of course, an infant has not the mature judgment and experience enabling him to contend with the skill, and with the learning and experience of those who may be. arrayed against him in litigation often complicated. Protection by a guardian is an important legal privilege of an infant. A guardian is to do for the infant what with riper judgment he would do for himself. He is to appear for him, employ competent counsel to prepare and conduct his defense. He is to collect testimony, summon witnesses, and at the trial afford such aid to his counsel as may be necessary in unexpected difficulties. "It is only by exercising that attention and vigilance in the cause of the minor, which he would exert in his own, that he fairly discharges his duty." Language sanctioned by Gibson, C. J., in Mercer

v. Watson, 1 Watts (Pa.) 330 at page 349; Reineman v. Larkin, 222 Mo. 156, 121 S.W. 307; Spotts v. Spotts, 331 Mo. 917, 55 S.W.2d 977, 87 A.L.R. 660; Kennard v. Wiggins, 349 Mo. 283, 160 S.W.2d 706; Tracy v. Martin, 363 Mo. 108, 249 S.W.2d 321.

■ In Spotts v. Spotts, supra, this court remarked that in any proceeding against them infants are wards of the court and their rights are to be jealously guarded, and our statutes provide a method for doing this. In order to protect an infant's rights it is provided that, "After the commencement of a suit against an infant defendant, and the service of process upon him, the suit shall not be prosecuted any further until a guardian for such infant be appointed." Section 507.190 RSMo 1949, V.A.M.S. In cases cited herein by the defendant-respondent Wrinkle it has been expressed that the appointment of a guardian *ad litem* is "mandatorily required", Tracy v. Martin, supra; that the statute, now § 507.190, supra, is "very positive in its requirement", Charley v. Kelley, 120 Mo. 134, 25 S.W. 571, 573; and that the court has the "absolute duty" to appoint a guardian *ad litem* for an infant defendant, Fenn v. Hart Dairy Co., 231 Mo.App. 1005, 83 S.W.2d 120. The appointment of a guardian *ad litem* is not a bare technicality and that office does not involve only perfunctory and shadowy duties. Spotts v. Spotts, supra; Reineman v. Larkin, supra.

But apparently it is contemplated that § 507.190, supra, should be applicable to a case where the service of process mentioned in the section is on the infant defendant personally; because if in fact an infant defendant has a "legally appointed" guardian or curator, then the service of process in an action against an infant should be on the legally appointed guardian or curator. Section 506.150(2). RSMo 1949, V.A.M.S.

It is argued by plaintiff-appellant that the acts of defendant Wrinkle's father and natural guardian were not those of an interloper but, on the contrary, the

father had both the right and duty to enter an appearance on her behalf and to defend this action against her. Plaintiff relies on Sections 457.020, 457.220, and 457.420 RSMo 1949, V.A.M.S., and cites State ex rel. Mo. Pac. R. Co. v. Cox, 306 Mo. 27, 267 S.W. 382, wherein it was said an action by a minor can be commenced and prosecuted by his natural guardian where he has no legal guardian; Taylor v. Mo. Pac. R. Co., Mo.App., 257 S.W. 511, 512 (reviewed on certiorari in the Cox case, supra), wherein it was said, "We think an infant may sue by its father who is the natural guardian of the child, without the formality of having the father appointed as next friend"; Crawford v. Amusement Syndicate Co., Mo.Sup., 37 S.W.2d 581, in which case a next friend having been appointed for the infant plaintiff it was held to have been unnecessary to appoint a guardian *ad litem* to defend the infant plaintiff upon issues raised by the answer in which answer the infant plaintiff was placed in the position of a defendant, because it was the duty of the next friend to act for the minor plaintiff, under the supervision of the court, throughout the course of the litigation; and Oehmen v. Portmann, 153 Mo.App. 240, 133 S.W. 104, wherein the father had instituted the action as plaintiff in his own right as a bailor. None of these cited cases is in point here.

■ In the instant case, the judgment set aside by the trial court upon granting the new trial was *against* an infant defendant, Wrinkle. An entirely different question is presented when a judgment has been rendered in favor of the infant. In such a case an appearance by an attorney, "blest by success in maintaining the infant's cause, would put the matter on another basis." Reineman v. Larkin, supra [222 Mo. 156, 121 S.W. 311]; Section 511.260(7) RSMo 1949, V.A.M.S. The judgment, being against the infant defendant, the failure to appoint a guardian *ad litem* (there having been no representation in the defense of the infant by any guardian or curator duly appointed by the probate court) was error which was not cured upon verdict under the provisions of § 511.260(7), supra. Reineman v. Larkin, supra; Robinson v. Hood, 67 Mo. 660.

■ Section 506.150(2), supra, providing for process to be served upon the legally appointed guardian or curator, if the infant has one, points to the other (than a guardian *ad litem*) guardian or curator who, considering all of the statutes *in pari materia,* has the duty to defend actions instituted against infant defendants. See now § 457.420, supra, cited and relied upon by plaintiff-appellant. Now it has been said that the statutes providing for the appointment of a next friend for an infant plaintiff, Section 507.120 et seq., RSMo 1949, V.A.M.S. and the statutes providing for the appointment of a guardian *ad litem,* § 507.190 et seq., supra do not apply where there is already a *duly appointed guardian or curator.* Robinson v. Hood, supra; Clark v. Crosswhite, 28 Mo.App. 34. See also Arn v. Arn, 264 Mo. 19, 173 S.W. 1062. Conversely, it would seem that, if there is no duly (legally) appointed guardian or curator, the statutes providing for the appointment of a guardian *ad litem* (and of a next friend) do apply. And carried further it may consequently be concluded that the statute, § 457.420, supra, in making it the duty "of all guardians and curators to represent their wards in all legal proceedings" means the duly appointed guardians or curators, and does not mean to include "natural" guardians. Now it seems to us that this makes sense, and is good law.

■ Obviously, if the infant defendant has a guardian or curator duly appointed by the probate court, or if the infant defendant has no duly appointed guardian or curator and the trial court appoints a guardian *ad litem,* then, in either event, such guardian who represents the infant defendant in litigation is a person whose qualifications to represent the infant have been "passed on" by a court. And we point out that natural guardians are recognized by statute, § 457.020, supra, as they were

at common law (25 Am.Jur., Guardian and Ward, § 5, pp. 9–10), because of their parenthood; and their qualifications to protect their ward's interests, particularly their child's or ward's interests as defendant in litigation, have never been determined by appointment by a court. If there is no duly appointed guardian or curator, the parent is ordinarily a proper person for appointment as a guardian *ad litem*, but not always (Ann.Cas.1912D, p. 365). A parent, of course, generally has the interests of his child at heart. This does not mean a parent in all cases is qualified to represent his child in litigation. So it seems to us that, all related statutes considered, the legislature intended that the regular guardian or curator, that is, the guardian or curator duly, legally or regularly appointed by the probate court, has the duty to represent his ward as defendant in all legal proceedings, § 457.420, supra, and if an infant defendant has no regular guardian, then the circuit court, upon being advised of the infancy of such defendant, has the duty to appoint a guardian *ad litem*, § 507.190 et seq., supra. In such connection, it is the duty of plaintiff and to his interest to ascertain and advise a trial court of the infancy of a defendant so that, if there be no representation by a regular guardian, the court may appoint a guardian *ad litem;* otherwise, and if in such event no guardian *ad litem* is appointed, a plaintiff, if he prevails, has but an erroneous and voidable judgment. State ex rel. and to Use of Marlowe v. Nolan, 347 Mo. 124, 146 S.W.2d 598; Reineman v. Larkin, supra; Wells v. Wells, 144 Mo. 198, 45 S.W. 1095; Charley v. Kelley, supra; Townsend v. Cox, 45 Mo. 401; 27 Am.Jur., Infants, § 121, p. 842.

■ We hold the trial court was correct in sustaining the infant defendant Wrinkle's motion for a new trial on the specified grounds of the trial court's failure to appoint a guardian *ad litem* to represent that defendant.

(It is unnecessary to consider the contention of error in giving plaintiff's Instruction No. 1 submitting negligence of defendant Wrinkle. This error contended on behalf of defendant-respondent Wrinkle, if apparent to counsel, may be avoided upon a retrial.)

Defendant-respondent Pauline Steere contends that her motion for a directed verdict, filed at the conclusion of plaintiff's case, should have been sustained. She further contends that the judgment, being erroneous and voidable as to her codefendant Arlene Wrinkle, for this reason should have been set aside as to her (see and contrast Wells v. Wells, supra); and that her motion for a new trial was correctly sustained because of the admission into evidence of the diagram made by the state highway patrolman. Both defendants-respondents contend the amount of the jury's award was grossly excessive.

■ It would be futile for us to examine the contention of both respondents that the jury's award was grossly excessive. The error in failing to appoint a guardian *ad litem* for the infant defendant Wrinkle affected the issues of liability and of the damages as to that defendant. Consequently, the issue of damages must be retried as to both defendants, inasmuch as a final judgment in this case, if plaintiff prevails against both, must be in one and the same amount against both defendants. Rosenkoetter v. Fleer, Mo.Sup., 155 S.W.2d 157; Hoelzel v. Chicago, R. I. & P. R. Co., 337 Mo. 61, 85 S.W.2d 126.

Defendant-respondent Pauline Steere did not introduce any evidence. She stood on her motion for a directed verdict filed at the conclusion of plaintiff's case.

Plaintiff had introduced evidence tending to show that the Steere automobile, about six feet wide, had been parked, headed southwardly, on the west lane of the pavement. "All four wheels" were sitting on the pavement. The pavement is of concrete twenty feet wide. The automobile was parked at the crest of a hill with a minimum sight distance of six hundred feet to the northward. As stated, defendant Arlene Wrinkle was driving southwardly.

There was testimony that she had been driving between fifty-five and sixty miles per hour before she applied the brakes, exclaimed, "we are going to hit them," and swerved her automobile to the left, eastwardly, colliding with the Cox (plaintiff's) automobile which, as stated, had been moving northwardly.

Without question it could be reasonably found that, if the Steere car had not been parked where the evidence tends to show it was, the collision would not have occurred, that is, the parking of the Steere car there on the right (west) lane of the pavement could be reasonably said to have been a cause of the collision and plaintiff's injury and damage. There was causal connection between defendant Steere's negligence and plaintiff's injury. Given causal connection, "proximate" causation is ordinarily a jury problem. Now, particularly, defendant-respondent Steere urges that defendant Wrinkle's negligence must be held, as a matter of law, to have been an independent, intervening and efficient cause breaking the causal connection between defendant Steere's negligence and plaintiff's injury. But of course defendant Steere should have realized that northbound and southbound motor vehicles were moving or would presently move along the highway at varying rates of speed and that all of the vehicles were or would be obliged to move to the left of the parked Steere vehicle. A jury could reasonably find defendant Steere should have foreseen that in such movements some situation might obtain, because of her car being parked there in the west lane, in which northbound and southbound motor traffic would be subjected to the hazard of the parked car and might come into collision regardless of the motorists' negligence. Assuming defendant Wrinkle was negligent, yet defendant Steere was not absolved from concurrent responsibility, if the conduct of defendant Wrinkle was not so extraordinary as not to have been reasonably contemplated. We think the question whether defendant Steere's negligence was a proximate cause of plaintiff's injury was for the jury, Champieux v. Miller, Mo.Sup., 255 S.W.2d

794, and authorities therein cited. We are of the opinion the trial court did not err in overruling defendant Steere's motion for a directed verdict.

The plaintiff's evidence was somewhat in conflict in tending to show the actual point of impact of the Cox and Wrinkle vehicles with reference to the center line of the pavement and the east (left) side of the Steere vehicle. Plaintiff's wife testified that the two front wheels of the Cox car were "off the pavement and on the right-hand or east shoulder when this wreck happened." A patrolman, who was witness for plaintiff, testified concerning his plat (or rather a tracing thereof) indicating, by a cross in a circle, a point (just east of the center line of the pavement) where he saw debris; and he was permitted to state his opinion that the debris was at the "probable" point of the impact or collision. This conflicting evidence affected the issues of liability as to both defendants, because, if the jury found that plaintiff's wife was negligent (and that her negligence was imputable to plaintiff) in failing to turn or swerve to her right so the Wrinkle car could move on southwardly to the left (east) of the Steere car and to the west of the Cox car without interference, and, if the jury found such negligence to have been the proximate cause or a proximate contributing cause of the collision, plaintiff could not recover against either defendant. Permitting the patrolman to give his opinion as to the point of impact was erroneous. Hamre v. Conger, 357 Mo. 497, 209 S.W.2d 242. But the opinion under the issues as submitted was favorable to defendants. The erroneously admitted opinion evidence tending to show that the impact occurred near the center of the pavement supported the inference that plaintiff's wife had failed to turn or swerve the Cox car to the right which was one of the bases for defendants' theories of the negligence of plaintiff's wife. The opinion could not have been prejudicial to defendants, and we believe the trial court erred in sustaining the motions for a new trial on the ground of the admission of the patrolman's opinion into evidence.

The order granting a new trial as to defendant Steere should be reversed but only as to the issue of liability of that defendant; otherwise the trial court's new trial orders should be affirmed, the verdict as to liability of defendant Steere to be held in abeyance until the cause is disposed of upon the issue of liability of defendant Wrinkle and the issue of damages.

It is so ordered.

LOZIER and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the Court.

All of the Judges concur.